## HOBART *vs.* DODGE.

A note of hand written payable " *on demand with interest after four months,*" with the words " on demand" *erased,* but still legible, was held not to be due until after the lapse of the four months.

ASSUMPSIT, on the following promissory note, *viz :*

" *Boston, Nov.* 25, 1831.

" For value received, I the subscriber of *Saco,* in the County " of *York* and *State of Maine,* promise to pay *James T. Ho-* " *bart* or order, ten hundred and thirty-two dollars, fifty-one " cents, [on demand] with interest after four months." — The words " on demand" having three parallel lines drawn across them, but still remaining perfectly legible.

The writ was dated, *January* 14, 1832.   *Parris J.* for the purpose of bringing the question before the whole Court, ruled *pro forma,* that the note by its terms, was not due and payable,

at the time of the commencement of the action ; — and a verdict was thereupon returned for the defendant, subject to the opinion of the whole Court upon the case reported.

*J. & E. Shepley*, for the plaintiff.

It has long been the established law, that a note payable on demand with interest after a limited time, is a note *on demand*, and that a suit may be brought thereon immediately after it is given. *Loring & al. v. Gurney*, 5 *Pick*. 15.

In this case the note was a printed form with the words " on " demand" printed and erased. The fact of these words having once been in the note, and stricken out, is an immaterial one. The striking out was probably accidental. No parol proof is admissible to show the intention of the parties. If not accidental it might have been so done by the consent of the parties each putting his own construction upon it ; the one that it was payable on demand, the other at a future day, and with the understanding of both, that in case of dispute, the law should settle it. Whatever may have have been the object, the erasure itself should have no effect in construing the note. It would be dangerous to adopt such a principle. As much so, as to receive parol proof of any kind to vary or contradict the terms of a written contract.

If the words *on demand* had remained, it is well settled that the note would be due immediately on its being given. The absence of them does not alter the effect of the note, for the *law supplies them*. A note without any time fixed for payment is *on demand*.

The words, " with interest after four months," relate solely to the time when *interest is to commence;* — that is, that if the note remained unpaid so long, interest should commence at the end of four months from date ; as if nothing had been said respecting interest, none could have been recovered until *a demand* had been made which could be proved.

If the " four months" had relation to the *time of payment*, then interest would commence from the day of the date, which would be against the manifest intention of the parties.

*D. Goodenow* and *Fairfield*, for the defendant.

MELLEN, C. J. delivered the opinion of the Court at the ensuing *May* term, in *Oxford*.

From an inspection of the original note at the argument of this cause, it appears to be a *printed* one, with proper blanks left for the insertion of the names of the promissor and promissee, places of abode, &c. The printed words " on demand" were erased, by three parallel lines drawn across them, leaving the words, however, as legible as they were before the lines were drawn. The only question in the cause is, whether the note became due before the expiration of *four months* from its date. The counsel for the plaintiff contends that the limitation as to time, applies only to the payment of *interest;* and that the *principal* was due *presently* or *on demand.* This construction is denied by the counsel for the defendant. The case presents two questions. 1. Whether the Court are at liberty to draw any conclusions, as to the intention of the parties, from the obliteration of the words " on demand" in the manner above described. 2. If not, what is the true construction of the note, totally disregarding those words.

1. As to this point, the plaintiff's argument is, that as those words are now *no part of the contract,* the Court cannot receive any explanations from them, any more than from any other *parol* evidence ; and that *no parol* evidence is admissible in the explanation of a plain, intelligible contract. This argument deserves careful consideration. The principle of law is clear that, where a promise is unambiguous, the promissor cannot, by parol proof, relieve himself from the obligation of it, by contradicting or explaining it. Nor can the promissee, in such a case, by the introduction of parol proof, subject the promissor to greater liabilities, than the written promise has created. These principles appear to be settled. The erasure of the above-mentioned words was made for *some* purpose ; and it is presented to the view of the Court by the consent of *both* parties. The defendant signed the note, as must be presumed, after the obliteration was made : because, immediately following, is the limitation of four months, and gave it to the plaintiff in the same situation in which it now appears ; and the plaintiff, having so received it, has produced

Hobart v. Dodge.

it in Court as the basis of his claim, and we cannot shut our *eyes* against it, even if we have no right to take *judicial* notice of it. We cannot but see that the words " on demand" were obliterated by the consent of the parties. We admit that they are now *no part of the contract* declared on ; but as *both* parties have placed the fact of erasure before us, have they not both *consented* that they might aid the Court in the true construction of the words which constitute the contract ? Do they not necessarily present a *visible negative* upon the idea that the defendant or plaintiff contemplated a liability to payment under four months ? Suppose the words " on demand" had not been erased, but, instead of that, the word " not" had been interlined, so as to be read, " *not* on demand," the meaning would seem plain. Does not the erasure imply the same thing ? But we are not left without all light upon the subject. In the case of *Jones v. Fales,* 4 *Mass.* 245, we may find some aid upon the point before us. It was an action on four promissory notes — all negotiable. On one of the notes, made payable to *Fales* or order ; near the corner, the words " Foreign Bills" were written, within brackets. Several points were made in the defence. In delivering his opinion, *Parsons C. J.* says, " The next ques-
" tion is, whether these words, thus written and placed, are
" a part of the promissor's contract. I do not think it ma-
" terial, *whether they were a part of the original contract* or added
" in *explanation of it.* For when the *promissee* took the note
" *with these words on it,* he was subject to the explanation *in*
" *the memorandum,* if it was one, *as much* as he would have been
" bound by these words, if they were *a part of the promise."*
*Sedgwick J.* declared his concurrence in the opinion of the Chief Justice. *Parker J.* says, " I consider those words as *furnish-*
" *ing evidence of the understanding* of the promissor and prom-
" issee" as to the mode of payment ; but he said he was satisfied that the memorandum never was intended to check the *transferable nature* of the note. The *spirit* of the decision on the point above stated seems to be applicable to the case before us. The principal difference is, that in *one* case, the meaning and intended effect of a *memorandum,* and in the *other* the meaning and intended effect of an *erasure,* was the subject of inquiry ;

Hobart *v.* Dodge.

neither being considered as a part of the note, on the face of which, by the consent of promissor and promissee, it appeared.

2. As to this point, we do not consider the case of *Loring v. Gurney* as applicable. In the case before us we have no evidence of usage, either of a general character, or as existing in the plaintiff's store and mode of dealing in his business. In the whole sentence containing the defendant's promise there is no *comma*, which might lead to the conclusion whether the limitation of four months was intended to apply to the *interest* exclusively or to *both ;* but the promise is to pay the *specified sum with interest after four months.* It is true that notes are often made payable on demand with interest after a future day. In such cases it may be fairly presumed that no *immediate payment* is contemplated, and therefore the promise of interest after a future day is perfectly consistent. As the limitation, as to time of payment, by the terms of the note, appears applicable to the *whole* promise — as well *principal* as *interest*, we do not feel at liberty to appropriate the limitation to the payment of the *interest* only.

We are of opinion that, in either view of the subject, a good defence to the action is established.

*Judgment on the verdict.*