Curtis *et al. v.* M. L. Virden Lumber Co.

(Division B.   Feb. 9, 1931.)

[132 So. 342.   No. 29044.]

Wynn & Hafter, of Greenville, for appellants.

456

Percy, Strauss & Kellner, of Greenville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants, doing business under the style of Southern Automatic Sprinkler Company, and being a partnership, entered into a contract with the M. L. Virden Lumber Company to install a sprinkler system. The contract was on a printed form made up by the sprinkler company, and contained a good many different clauses and provisions. Some of these were stricken out by erasures by an ink line through the provisions. In inclosing this contract with all erasures indicated, the M. L. Virden Lumber Company wrote, in part as follows: "We are enclosing herewith contract you left with us with some of the paragraphs eliminated. Your printed form of contract is too onesided and is not definite. What we want is a definite proposition to install a Sprinkler system in our building for a specified sum that will meet with the Mississippi Rating Bureau requirements. We would also state that before putting up any money on this job we would want you to submit the plans to the Mississippi Rating Bureau for their approval." The contract as submitted and signed had a good many provisions not necessary to set out, but one of the provisions in the contract set up: "Our price for the work herein specified will be one thousand seven hundred forty-four dollars ($1744) which will be in full for work and materials, and will be payable in cash as follows: One-third when materials are shipped to substantially commence the work, one-third when work is so completed that it is ready for water to be turned on, and the balance thirty (30) days thereafter or upon insurance approval." There was also a provision which set out in the original contract the above price based on one hundred and ninety-eight sprinklers being installed, but it was changed to read as follows: "The above price is based upon enough to make a first class job sprinklers being installed."

Under the heading "Specifications," it was provided:

"It is understood and agreed that M. L. Virden Lumber Company are to have water supply brought in to point designated by us, or we will bring in same and charge same to company in addition to contract price. It is also understood and agreed that we are to install Open Sprinklers on second floor west side and south end of building specified in contract, this is included in contract price." Among the provisions struck out of the contract by erasure by an ink line drawn through is the following: "4. Any additional labor or material which may be required by the contractor to carry on and complete the work, but which is not specifically described or enumerated in the annexed specifications shall be furnished by you at your expense as and when required, otherwise the contractor is authorized to furnish the same for your account, at market price. Any expense occasioned the contractor by delay in procuring such labor or material shall be extra to the contract price, and shall be paid by you." Another one of the stricken provisions is paragraph 7, which read as follows: "All earth, carpenter or mason work, foundations, supports, staging, enclosures and painting required for the equipment specified, shall be furnished and paid for by you, unless otherwise herein specifically stated;" and paragraph 8 which read: "Any loss or damage by any cause, not the fault of the contractor which may occur to its materials, tools, equipment, or the labor expended thereon, which in and about the premises, shall be borne and paid by you; and the contractor shall, under no circumstances, be held liable for any loss, or damage, by delay, or other cause beyond its control."

The suit was based on certain material furnished in the sprinkler system work, but which bill of material was not attached to, or made a part of, the contract at the time it was signed; it being contended by the plaintiff that the M. L. Virden Lumber Company should pay for it under their agreement to have the water brought to a point

designated or to be designated by the Automatic Sprinkler Company. In examining the plaintiff's witness who made the contract, he was questioned with reference to paragraph 4 and its elimination, and then was asked:

"When that was stricken out, which was before the contract was signed, why did you not call Mr. Virden's attention to the seven hundred dollars worth of material you knew had to go in the water supply? A. Why should I when it was never mentioned to me, if I was going to exclude all those things I would have taken it on a flat contract base. . . .

"Q. Did you tell him it would cost several hundred dollars worth of material to do it? A. No.

"Q. Did you find out from him what it would cost to bring in the water? A. No, I never did find that out.
. . .

"Q. Did you not explain to him, or Mr. Virden, when he was trying to find out what it would cost to bring it in that it would be necessary to have all this extra material? A. Nothing was said about the cost of valves or anything like that."

The case originated in the county court, and there was a trial with a peremptory instruction to the jury, followed by a judgment with an appeal to the circuit court, where the circuit judge upheld the action of the county court in granting a peremptory instruction.

We have examined the contract and all the evidence bearing upon the proposition, and have reached the conclusion that the judgment must be affirmed here. It will be seen from the provisions of the contract quoted, and the letter sent with it by the M. L. Virden Lumber Company, that the M. L. Virden Lumber Company wanted the sprinkler system installed on a definite basis at a certain cost. The striking out of the provisions in the contract which provided for the Virden Lumber Company paying for these extra materials and labor are quite significant. Where a contract is drawn up in writing or on a printed

form, and certain provisions therein are stricken by erasure before the execution of the contract, it is significant in construing the contract and in reaching what the parties intended. Hobart v. Dodge, 10 Me. 156, 25 Am. Dec. 214. The obligations imposed upon the plaintiff was to bring the water supply in and pay the contract price. That provision is to be determined in connection with the other provisions of the contract wherein it was provided that the Automatic Sprinkler Company would furnish the materials, etc. As stated, the clause, originally intended to make the customer of the Automatic Sprinkler Company pay for these materials was eliminated by erasure. We do not think, giving the testimony introduced its strongest interpretation, when used with the contract, that it is sufficient to uphold a verdict in favor of the plaintiff. Consequently the judgment of the court below must be affirmed.

Affirmed.