[No. 3974. Decided December 4, 1901.]

CHARLES L. DENNY, *Respondent, v.* PERCY H. PALMER, *Appellant.*

LIMITATION OF ACTIONS — FORECLOSURE OF MORTGAGES — ABSENCE OF MORTGAGOR FROM STATE — SUBSEQUENT PURCHASER.

The absence from the state of the mortgagor of lands will not suspend the running of the statute of limitations as to a foreclosure of the mortgage lien thereon, where the mortgaged premises have passed to a subsequent grantee, who has remained continuously within the state.

SAME — ESTOPPEL.

A subsequent grantee of mortgaged premises, who has neglected to put his deed of record until after the bringing of action against the mortgagor for foreclosure, is estopped from setting up the bar of the statute of limitations, where the mortgagee had

no notice, actual or constructive, of the conveyance, and had postponed suit because of the absence of the mortgagor from the state, during which period the bar of the statute had been suspended as to such mortgagor.

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge. Affirmed.

*J. A. Coleman,* for appellant.

*George E. Wright,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—By the amended complaint in this cause it appears that respondent is, by purchase and assignment, the owner and holder of a certain note executed by one Orrie Beeman on or about the 20th day of June, 1893. At the time of the execution of the note, a mortgage upon certain real estate in Snohomish county was given by the maker of the note to secure the same. Respondent is also the holder of the mortgage, and seeks to foreclose it in this action. The original complaint was against Beeman, the mortgagee, alone, but the appellant asked leave to intervene in the cause, which was granted, and thereafter the amended complaint was filed. The mortgage contains a covenant that, in the event of default in payment of the debt, it may be foreclosed, and the land sold to satisfy the principal and interest of the debt, together with any sum paid as taxes upon the mortgaged land by the mortgagee, and also for $50 attorney's fees. It is alleged that on the 2d day of April, 1900, respondent paid to the county treasurer of Snohomish county the sum of $74.36, as taxes upon the said mortgaged premises, which taxes were then due, owing, and delinquent, and were a lien upon the said premises paramount to the lien of the mortgage; that the said note became due on the 20th day of

December, 1893, but no part of the principle or interest thereon, or the sum paid as taxes or interest thereon, has ever been paid; that more than four years prior to the commencement of this suit the defendant, Beeman, the maker of the note and mortgage, departed from the state of Washington, and ever since, for the period of more than four years next prior to the commencement of this action, has resided outside the state of Washington, and has been continuously absent thereform. Appellant demurred to the amended complaint on the ground that the action was not commenced within the time limited by law. The demurrer was by the court overruled, and appellant duly excepted to said ruling. Thereupon appellant answered, denying certain allegations of the amended complaint, and alleging affirmatively that on December 23, 1893, the said mortgagor duly conveyed by deed all the property described in the complaint to the appellant, who ever since has been and now is the owner thereof; that said deed of conveyance was, on April 19, 1900, duly filed for record in the office of the auditor of said county, and that this action has not been commenced within the time limited by law. Respondent interposed a general demurrer to the affirmative matter contained in the answer, which demurrer was by the court sustained, to which ruling the appellant duly excepted. Appellant thereupon elected to stand upon his said answer, and declined to plead further. The cause was tried by the court upon the issues thus presented, and decree entered foreclosing the mortgage for the amount of the principal and interest due upon said note, together with the amount paid as taxes, and for $50 attorney's fees, as provided in the note and mortgage. From said judgment this appeal is prosecuted.

Appellant's contention is that this action is barred by the statute of limitations. The action is not barred, as

against the debtor and mortgagor, by reason of his absence from the state. The full statutory period has run, and the action would have been barred as against the debtor if he had remained continuously in the state. Appellant, as a subsequent grantee of the mortgaged premises, however, insists that the action is barred as to him, notwithstanding the mortgagor's absence from the state, and that the mortgagor's absence did not suspend the running of the statute as to a foreclosure against the mortgaged land. In *George v. Butler, ante,* p. 456, this question was fully discussed, and was there determined in accordance with appellant's contention. It must, therefore, be held here that this action is barred, unless the conduct of appellant himself has been such as should be held to have suspended the statute. That feature of the case we will now consider.

Appellant's answer to the amended complaint alleges that the deed by which the mortgaged premises were conveyed by the mortgagor to appellant was executed on the 23d day of December, 1893, but was not filed for record until the 19th day of April, 1900. The original complaint in this cause was filled April 13, 1900. Appellant's deed was not filed for record until six days after this suit was actually commenced. Respondent therefore had no constructive notice of the existence of appellant's rights in the mortgaged premises until after he had actually commenced this suit. There is no averment in the answer that respondent or his assignor had, prior to that time, received any actual notice of the fact that such a conveyance had been made, and nothing appears in the record showing such actual notice. It appears, therefore, that respondent did not know that he held a cause of action against appellant prior to the time the deed was recorded. He knew he held a cause of action against the

mortgagor, as to which the statute of limitations had not run because of the mortgagor's absence from the state, but he could not, under any principle of reason and justice, be chargeable with notice that appellant had any interest in the land, unless appellant's deed had been of record, or some actual knowledge of its existence had been brought home to him or to his assignor. We think under such circumstances it should be held that when the deed has not been recorded within the ordinary limitation period in ample time to permit the bringing of the action within that period, or when actual knowledge of the conveyance has not been brought home to the mortgagee or his assignee in sufficient time to permit the action to be brought within such period, then the grantee should be estopped from pleading the statute against an action which is promptly begun, and within reasonable time after constructive notice of the grantee's rights has been given by filing the deed, or after the mortgagee or his assignee has received actual notice of the conveyance. This principle was sustained in *Spaulding v. Howard,* 121 Cal. 194 (53 Pac. 563).

For the reasons last assigned, we think respondent was entitled to have this mortgage foreclosed; he was entitled to a decree establishing his lien for the amount of the mortgage debt, together with the taxes paid, and for attorney's fees provided in the mortgage. Such relief was granted him by the decree of the court below, and the judgment is therefore affirmed.

REAVIS, C. J., and DUNBAR, FULLERTON, WHITE, ANDERS and MOUNT, JJ., concur.