[No. 4041.  Decided December 6, 1901.]

JOSEPH C. RAYMOND, *Respondent,* v. JACOB BALES, *Appellant.*

APPEAL — DISMISSAL — DELAY IN FILING TRANSCRIPT.

An appeal will not be dismissed on the ground that appellant had filed his brief before filing his transcript, contrary to the provision of Laws 1901, p. 29, § 2, which requires the transcript to be certified and filed at or before the serving and filing of ap-

pellant's opening brief, where the motion is not made until after the record has been supplied.

LIMITATION OF ACTIONS — FORECLOSURE OF MORTGAGE — BAR OF STATUTE AS TO EXECUTION PURCHASER.

Partial payment by a mortgagor on his mortgage indebtedness will not extend the statute of limitations as against a judgment creditor of the mortgagor who has bought in the mortgaged premises under execution sale and thereby become vested with such an interest in the land as to deprive the mortgagor of the right by any act or stipulation to extend the limitation upon the mortgagee's right of foreclosure, even though the mortgagor at the time of such partial payment may have had the right of redemption against the execution sale.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge. Reversed.

*John C. Stallcup* and *J. W. A. Nichols,* for appellant.

*B. F. Jacobs,* for respondent.

Tho opinion of the court was delivered by

HADLEY, J.—Respondent moves to dismiss this appeal for the reason that no transcript of the record was prepared, certified, and filed in the office of the clerk of the superior court at or before the time when the appellant served and filed his opening brief, as provided by § 2, p. 29, Laws 1901. The notice of appeal was served July 30, 1901. The transcript was certified and filed in the office of the clerk of the superior court on the 16th day of August, 1901. Thus appellant had caused the transcript to be certified and filed long before the expiration of the ninety days as provided by the statute invoked by respondent. It, however, appears that appellant served and filed his opening brief on the 12th day of August, four days before the transcript was filed. Respondent complains that this was in violation of the statute above cited, which provides:

"Said transcript to be so prepared, certified and filed, in the office of the clerk, at or before the time when the appellant shall serve and file his opening brief."

This motion, however, was not made until after the record was supplied. In *Gustin v. Jose*, 10 Wash. 217 (38 Pac. 1008), this court held that, where a motion is made to dismiss an appeal for failure to send up the record to this court within the statutory time, it will not be granted when the motion is not made until after the appellant has furnished the record. The court in that case observed as follows:

"This court has uniformly held that, where motions of this kind are made after the record has been furnished by the appellant, the motion to dismiss will not be entertained. We see no reason why we should vary the rule in this case. If, upon the default of the appellants, the respondents had availed themselves of their privilege to have moved the dismissal of the appeal for that reason, the court would have considered it, and without good cause shown for the delay would have granted the motion; but inasmuch as they have waited until the default has been cured by the affirmative action of the appellants we cannot see that they have received any substantial injury by the delay."

This motion seems to be analogous to the one under consideration in the above case. It was not made promptly after the service of appellant's brief while the default existed, followed by a short record brought here upon the motion, but was raised for the first time in respondent's brief, long after the record was supplied, and was submitted to this court at the time the cause was submitted on its merits. Whether, if the motion had been seasonably made as above indicated, we should have considered it one that should be granted, it is not necessary to decide; but for reasons aforesaid the motion is denied.

We will now discuss the case upon its merits. This is an action to foreclose a mortgage. On the 30th day of September, 1889, the defendant George Wood executed and delivered his promissory note to Charles Barclay for the sum of $3,600, due three years from date, with interest at 10 per cent. per annum from date. On the same day said Wood executed a mortgage upon certain real estate in Pierce county for the purpose of securing said note. By assignment respondent is the owner of the note and mortgage. Interest was paid upon the note as it matured until March 19, 1894, and it is alleged that thereafter, on the 24th day of February, 1899, a payment of $50 was made upon the note. The defendant Wood and appellant, Bales, answered the complaint separately. Bales is the sole appellant. In his answer he alleges that on the 10th day of February, 1896, he recovered a judgment against the said Wood and his wife in the sum of $3,802.57, which then became a lien upon the real estate described in the mortgage; that on the 20th day of October, 1898, execution issued upon said judgment, and the sheriff of Pierce county duly levied upon said real estate, and the same was sold to appellant at sheriff's sale on the 26th day of November, 1898, and a sheriff's certificate of sale was then duly made and delivered to appellant; that thereafter, on the 16th day of June, 1899, judgment was duly entered confirming said sale; that on the 18th day of April, 1901, the sheriff executed and delivered to appellant his deed for said premises, based upon the certificate aforesaid; that appellant still holds the deed and title to said premises; that, after said judgment and the lien attached in favor of appellant, the said Wood and wife were without right or title to arrest the running of the statute of limitations against an action upon said mortgage; that if any payment was made upon the note, as alleged

in the complaint, the same could have no effect upon the
rights of appellant in said land, and could not arrest the
running of the statute against a right of action upon said
mortgage; that the right of action upon said mortgage
accrued more than six years prior to the commencement
of this action. Appellant also denies the alleged payment
of $50, said to have been made on February 24, 1899.
Other matters are alleged in the answer, but at the trial
appellant's counsel stated that they would stand upon the
defense of the statute of limitations. The court found
that the $50 payment was made, and, under the record,
we will not disturb the finding. The question to be de-
termined, therefore, is, was this action barred by the
statute of limitations as against appellant? In a recent
decision of this court,—*George v. Butler, ante,* p. 456 (67
Pac. 263),—the subject of the application of the statute
of limitations to an action to foreclose a mortgage against
the grantee of the mortgagor was discussed. The question
involved in that case was, can a mortgagor, by his con-
tinued absence from the state, arrest the running of the
statute of limitations as to an action to foreclose the
mortgage against a subsequent grantee of the mortgaged
land? It was held that such act of the mortgagor did not
have that effect, and that the action to foreclose against
the grantee was barred after the lapse of six years. It
had been previously held in *Damon v. Leque,* 17 Wash.
573 (50 Pac. 485, 61 Am. St. Rep. 927), that when the
debt is once barred the mortgagor cannot revive it as
against a subsequent grantee of the mortgaged land. The
theory upon which the last-named case, and also that of
*George v. Butler, supra,* were decided, was that, the mort-
gagor having lost his control of the lands by his convey-
ance to a grantee of the equity of redemption, and the
grantee's rights having attached, no act of the mortgagor

32—26 WASH.

can affect the rights of the grantee. In the case at bar the conveyance to appellant was made at execution sale under a judgment against the mortgagor. The sale was made November 26, 1898, and it must be held that 2 Hill's Code, § 513, covers the right of redemption from such sale. That section gives to the judgment debtor one year from the date of the sale to redeem. A later statute (Laws 1897, p. 75, § 15; Bal. Code, § 5295) grants the right of redemption at any time before the sheriff's deed issues, but § 18 of the same act (Bal. Code, § 5298) provides that the act shall not apply to judgments entered prior to the taking effect of the act. The judgment under which the sale was made to appellant was entered on the 10th day of February, 1896, and it therefore follows that the judgment debtor was entitled to one year from the 26th day of November, 1898, within which to redeem from said sale. As heretofore stated, the interest was kept paid upon the note until the 19th day of March, 1894. The statute of limitations had, therefore, run on the 19th day of March, 1900, unless it was extended by subsequent payments. This action was not begun until February, 1901, and the action is therefore barred, unless the $50 payment made February 24, 1899, has extended the statute. It will be observed that said payment was made within one year from the date of the execution sale, and respondent urges that, since the mortgagor still had a right to redeem, and since he was still the owner of the equity of redemption, he had such an interest in the mortgaged premises as authorized him to stipulate for an extension of the statute of limitations as to an action upon the mortgage. This we understand to have been the theory of the learned trial court. The position of respondent would be unassailable if the mortgagor was still the holder of the equity of redemption, with no other

interests having attached prior to the time of his stipulation with the mortgagee. The appellant, however, held a judgment lien upon these lands from the 10th day of February, 1896, and on the 20th day of October, 1898, the sheriff levied upon the mortgaged lands by virtue of an execution under said judgment, and on the 26th day of November following the sale to appellant was made. All these rights of the appellant attached long before the payment was made which it is urged extended the statute. In *George v. Butler, supra,* this court cited and adopted the argument of *Wood v. Goodfellow,* 43 Cal. 185. Touching the question here under discussion, the supreme court of California in that case said:

"If Goodfellow still held the equity of redemption, and if the action was against him alone, it is evident his absence from the state would afford a sufficient answer to the plea of the statute of limitations. So long as he retained the equity of redemption, and no other rights had intervened by reason of subsequent liens or incumbrances, he had the power, by written stipulation under the statute, to extend the time within which the debt should not be barred, or he might suspend the running of the statute by his absence from the state. So long as his rights only were to be affected, it was within his power to suspend the operation of the statute, either by a written stipulation or by absenting himself from the state. But this court has repeatedly decided that as against subsequent incumbrancers, or a subsequent holder of the equity of redemption, the mortgagor has no power, by stipulation to prolong the time of payment, or in any manner increase the burdens on the mortgaged premises. *Lord v. Morris,* 18 Cal. 482; *McCarthy v. White,* 21 Cal. 495 (82 Am. Dec. 754); *Lent v. Morrill,* 25 Cal. 500; *Low v. Allen,* 26 Cal. 141; *Lent v. Shear,* 26 Cal. 361; *Barber v. Babel,* 36 Cal. 11; *Sichel v. Carrillo,* 42 Cal. 493."

This court having approved the doctrine of the above case, it must be held here that the incumbrance of appellant's judgment lien and the levy and sale thereunder vested appellant with such interests in the land as prevented the mortgagor from stipulating an extension of the statute of limitations as to the right of action to foreclose the mortgage against appellant. No hardship is visited upon the respondent by this interpretation of the law. He neglected to bring his suit for five years after he had notice of appellant's rights in the mortgaged lands. The judgment lien was a matter of public record nearly four years before the six years had expired from the date of the payment in March, 1894. Even the sheriff's sale to appellant was made nearly one year and a half before the statute had run, and still respondent neglected to bring his action. If no constructive or actual notice of appellant's rights in the land could have been brought home to respondent, a different rule might apply, and appellant might have been estopped to plead the statute, as we recently held in *Denny v. Palmer, ante,* p. 469 (67 Pac. 268). But appellant had ample opportunity to have instituted his action seasonably. Bal. Code, § 4798, subd. 2, limits the period for bringing this action to six years. More than six years having expired between the date of the last payment before appellant's rights attached and the date of bringing this suit, the action must be held to be barred as to appellant.

The judgment is reversed, and the cause remanded, with instructions to the court below to enter judgment declaring the mortgage lien canceled, with costs taxed in favor of appellant.

REAVIS, C. J., and DUNBAR, FULLERTON, ANDERS, MOUNT, and WHITE, JJ., concur.