[No. 4019.   Decided April 9, 1902.]

FIRST NATIONAL BANK OF SNOHOMISH, *Appellant,* v. ROBERT PARKER, *Appellant.*

COUNTERCLAIM — INTERPOSITION TO MORTGAGE FORECLOSURE.

Under Bal. Code, § 4913, subd. 1, which provides that a counterclaim may be set up "in an action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," defendant may, in an action for the foreclosure of a mortgage, counterclaim for damages suffered by reason of the occupation and use of the premises by plaintiff prior to foreclosure, since the realty upon which the mortgage lien is sought to be enforced is connected with the subject of the action, within the purview of the rule that statutes authorizing counterclaims should be liberally construed.

MORTGAGES — DEFAULT IN INTEREST — ELECTION TO FORECLOSE — LIMITATIONS.

A stipulation in a mortgage that upon default in the payment of interest the right of foreclosure should immediately accrue would not set the statute of limitations running from the date of such default, where the default had not been claimed by the mortgagee.

JUDGE PRO TEMPORE — FAILURE TO SWEAR — OBJECTION NOT URGED BELOW.

An objection that the judge *pro tem.* who tried the cause was not sworn cannot be urged on appeal when not raised below by seasonable objection.

Appeal from Superior Court, Snohomish County.—
Hon. Robert A. Hulbert, Judge *pro tem.*  Affirmed.

*J. A. Coleman,* for plaintiff.

*George E. Banks,* for defendant.

The opinion of the court was delivered by

Reavis, C. J.—Action to foreclose a mortgage on cer-
tain real estate in Snohomish county.  The complaint is
in the usual form, upon a mortgage executed to the Lom-
bard Investment Company, and by that company there-
after assigned to plaintiff, appellant.  The allegations of
the complaint were admitted by the defendant and appel-
lant Parker, the mortgagor.  Two affirmative defenses and
a counterclaim were interposed by said defendant. The
first defense was that a provision in the mortgage provided
that upon the default of the payment of the interest or any
part when due the right of foreclosure should immediate-
ly accrue, that such default had occurred more than six
years before the commencement· of the action, and that
by reason thereof the action was barred by the statute
of limitations.  The second defense was that the plain-
tiff was not the real party in interest.  The counterclaim
is that plaintiff, through its cashier, Snyder, brought an
action in 1896 for the possession of the mortgaged prem-
ises against the defendant, and in said action had a writ
of restitution issued; that plaintiff thereupon went into
possession of the premises, and retained such possession
until the final determination of the action, when de-
fendant was restored to the possession of the premises;
that by reason of plaintiff's retention of the possession
of the mortgaged premises defendant was damaged in
the sum of $1,970, and the specification of the damages
sustained is made.  Plaintiff demurred to the affirmative

defenses and counterclaim. The demurrer of the defense was sustained and that to the counterclaim overruled. A jury was called to assess the damages alleged in the counterclaim. The court, after reducing the assessment of damages to some extent, affirmed the finding of the jury, and allowed $1,000 counterclaim, and decreed foreclosure for the remainder due upon the mortgage. Both parties have appealed.

Plaintiff assigns as error the overruling of the demurrer to the counterclaim, and the reduction of the amount due upon the mortgage in the amount of the counterclaim. It is maintained by counsel for plaintiff that the demurrer to the counterclaim should have been sustained, that the allowance of any counterclaim in the action was error, and that the damages specified were not the subject of counterclaim within Bal. Code, § 4913. Subd. 1 of the section permits a counterclaim "in an action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." The construction of this section and similar language in other codes has not been uniform or clear. See Pomeroy, Remedies & Remedial Rights, § 775; *Collier v. Ervin*, 3 Mont. 142.

The general rule is that the statute authorizing a counterclaim should be liberally construed. It is said in 22 Am. & Eng. Enc. Law, p. 396:

"In actions in which either a contract or a transaction which is not a contract, is set forth as the foundation of the plaintiff's claim, counterclaims may be interposed which neither arise out of the same contract nor out of the same transaction, if they are connected with the subject of the action. The subject of an action is either the property which is thereby sought to be recovered or alleged to be injured, or a violated right or the right, to enforce or maintain which, the action is brought."

It would seem in the present action that virtually the same parties are in controversy as were in the case of Snyder, who is the cashier of plaintiff, against Parker, and reported in 19 Wash. 276 (53 Pac. 59, 67 Am. St. Rep. 726). In that case the plaintiff claimed the premises under a deed absolute in form, which, however, was adjudged to be a mortgage and only a lien on the premises. In the case at bar the action is to foreclose a lien upon the same property. It would seem that, by the acts authorized by the plaintiff in taking and holding possession of the premises and which were found to be injurious, the subject matter of the lien was damaged, and that the defendant is entitled to such damages, and we think in this case that the realty may properly be held as connected with the subject of the action. *Metropolitan T. Co. v. Tonawanda, etc., R. R. Co.,* 43 Hun, 521; *Tinsley v. Tinsley,* 15 B. Mon. 454. Upon the record here we are not disposed to disturb the finding of the amount of the counterclaim.

The errors assigned by the defendant in sustaining the demurrers to the affirmative defenses are not well taken. The general rule, that such stipulations as appear in the mortgage providing for default and that the cause of action may accrue upon non-payment of interest, is that such default must be claimed by the mortgagee, or it is waived. It is for the benefit of the mortgagee, and cannot be taken advantage of by the mortgagor. The objection that the judge *pro tem.* was not sworn is not available here, because not raised in the record by seasonable objection. See *State ex rel. Cougill v. Sachs,* 3 Wash. 691 (29 Pac. 446).

The judgment is affirmed. Neither party will recover costs on appeal.

WHITE, MOUNT, FULLERTON, HADLEY and DUNBAR, JJ., concur.