[No. 4794.  Decided February 9, 1905.]

EMMA WHITE, *Respondent,* v. IRA M. KRUTZ *et al.,*
*Appellants.*[1]

LIMITATIONS OF ACTIONS—MORTGAGES—BILLS AND NOTES—EXTENSION OF TIME—FAILURE TO PAY INSTALLMENTS. A provision, in an agreement to extend the time of payment of a mortgage note, to the effect that the note shall become due without notice upon the failure to pay any installment of interest, does not mature the note or start the running of the statute of limitations upon the failure to pay an installment when due; since the provision is for the benefit of the mortgagee, and may be waived.

SAME—EXTENSION OF TIME—RECORDING—NOTICE TO SUBSEQUENT PURCHASER. An extension of the time of the maturity of a mortgage note, made while the mortgagee still owns the property, need not be recorded, and is valid as against the mortgagor and subsequent purchasers without notice, so that the statute of limitations does not begin to run against an action of foreclosure until the expiration of such extension.

Appeal from a judgment of the superior court for Yakima county, Rudkin, J., entered March 4, 1903, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, decreeing the foreclosure of a mortgage. Affirmed.

[1]Reported in 79 Pac. 495.

*W. H. Bogle* and *Charles Richardson,* for appellants.
*John J. Rudkin,* for respondent.

FULLERTON, J.—On December 3, 1891, the defendant, Mary J. McMillan, executed and delivered to the Solicitors Loan & Trust Company her promissory note for $700, securing the same by mortgage on certain lots in the city of North Yakima. The debt matured, by the terms of the contract, on January 1, 1895. On the day last named the Solicitors Loan & Trust Company, being then the owner and holder of the note and mortgage, entered into a written agreement with the mortgagor and the defendants, John Stone and Emma Stone, who had acquired an interest in the mortgaged property, to the effect that the time of payment of the mortgage should be extended for three years, in consideration that John Stone and Emma Stone should assume and agree to pay the mortgage debt, and that interest should be paid, thereon semi-annually; the agreement further providing that, if default should be made in any of such payments, the indebtedness represented by the original note and mortgage should immediately become due and payable, without notice. This extension agreement was never recorded, and no payments were made on the loan subsequent to its execution.

On the 11th day of December, 1901, the defendant, George Donald, and the appellants, Krutz and wife, purchased the mortgaged premises from the defendants McMillan and Stone, paying therefor $100. At that time they had no knowledge of the extension agreement. The note was sold and assigned by the Solicitors Loan & Trust Company, after the extension agreement was entered into, to the respondent, who began this action to recover upon the note, and foreclose the mortgage given to secure the same. To the complaint in foreclosure, the appellants

pleaded the statute of limitations, and, on judgment going against them, prosecuted this appeal.

In support of their appeal the appellants make two principal contentions: (1) that the statute of limitations commenced to run immediately upon the first default in payment of interest, occurring after the execution of the extension agreement, which was more than six years prior to the commencement of the action to foreclose the mortgage; and (2) that the extension agreement was of no effect, as against the appellants, for the reason that it was not recorded, and the appellants, at the time of their purchase, had no actual notice thereof.

The principle involved in the first contention was decided adversely to the appellants' claim in the case of *First Nat. Bank v. Parker,* 28 Wash. 234, 68 Pac. 756, 92 Am. St. 828. We there held that a provision in a mortgage to the effect that the same should become due upon the failure to pay the installments of interest, as they matured, was a provision for the benefit of the mortgagee that could be waived by him, and one that could not be taken advantage of by the mortgagor. Applying that principle here, it is clear that, if the extension agreement is binding at all, it extended the time of payment until January 1, 1898, in so far as the right of the mortgagors, or their privies, to plead the statute of limitations is concerned.

The second contention is thought to be supported by the cases of *George v. Butler,* 26 Wash 456, 67 Pac. 263, 90 Am. St. 756, 57 L. R. A. 396; *Denny v. Palmer,* 26 Wash. 469, 67 Pac. 268, 90 Am. St. 766; *Raymond v. Bales,* 26 Wash 493, 67 Pac. 269; and *Hanna v. Kasson,* 26 Wash. 568, 67 Pac. 271. But it will be observed that in these cases the mortgagor attempted to extend the lien of the mortgage after he had parted with his interests in the mort-

gaged property, and this it is held he could not do.   This is made clear by the remark of the court in *Raymond* v. *Bales* (page 497), where it is said:

"The theory upon which the last-named case, and also that of *George* v. *Butler, supra,* were decided, was that, the mortgagor having lost his control of the lands by his conveyance to a grantee of the equity of redemption, and the grantee's rights having attached, no act of the mortgagor can affect the rights of the grantee;"

And, also, in *Hanna* v. *Kasson,* where it is said that this court had, in the cases that had preceded that one, approved the rule adopted by the supreme court of California,

".   .   .   to the effect that after the rights of a grantee have attached, no act of the mortgagor will have the effect to arrest the running of the statute as against the grantee without the grantee's consent and authority."

The court did not, however, deny, or intend to deny, the converse of the proposition, namely, that a mortgagor who still retained his ownership in the mortgaged property could make a valid contract of extension of the original mortgage, which would be binding upon his subsequent grantee, whether the grantee takes with or without notice of such extension.   The case before us presents the latter proposition, not the former, and we hold there was no bar to the right of the respondent to foreclose her mortgage.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.