[No. 6425. Decided March 14, 1907.]

EDMUND S. BOYER, *substituted for John F. Lord, Appellant,* v. JOHN G. PRICE *et al., Respondents.*[1]

LIMITATION OF ACTIONS—MORTGAGES—FORECLOSURE—ABSENCE FROM STATE. An action to foreclose a mortgage is barred as against a purchaser of the property from the mortgagor more than six years after maturity of the debt, when the action was not commenced within a reasonable time (fifteen months after the purchase), as the absence of the mortgagor from the state does not suspend the running of the statute.

MORTGAGES—TRANSFER OF PROPERTY—COVENANTS—EXCEPTION OF MORTGAGE. The exception of a mortgage from the covenant of warranty in a deed conveying the mortgaged property does not estop the grantee from pleading the statute of limitations as against the holder of the mortgage.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered March 8, 1906, upon sustaining a demurrer to the complaint, dismissing an action to foreclose a mortgage. Affirmed.

*George Fowler,* for appellant, to the point that the exception of the mortgage from the covenant in the deed removed the bar of the statute as to the mortgagor and his grantee, cited: *Schmucker v. Sibert,* 18 Kan. 104, 26 Am. Rep. 765; *Palmer v. Butler,* 36 Iowa 576; *Moore v. Clark,* 40 N. J. Eq. 152; *Harrington v. Slade,* 22 Barb. 161; *Heyer v. Pruyn,* 7 Paige 465, 34 Am. Dec. 355; *Park v. Peck,* 1 Paige 477;

[1]Reported in 88 Pac. 1106.

*Jackson v. Slater*, 5 Wend. 295; 1 Jones, Mortgages (3d ed.), §§ 736, 744; *Brown v. Elwell*, 17 Wash. 442, 49 Pac. 1068.

*Holcomb & Kirkpatrick*, for respondents, cited, *contra: Wise v. Fuller*, 29 N. J. Eq. 257; *Smith v. Cross*, 16 Hun. 487; *Norwood v. De Hart*, 30 N. J. Eq. 412; *Carrier v. United Paper Co.*, 73 Hun. 287; *Bennett v. Keehn*, 67 Wis. 154, 29 N. W. 207, 30 N. W. 112; *Weed Sewing Machine Co. v. Emerson*, 115 Mass. 554; *Calkins v. Copley*, 29 Minn. 471, 13 N. W. 904.

FULLERTON, J.—On June 4, 1891, one Sarah B. Schooler was the owner of certain real property situated in the county of Skagit, and on that day mortgaged the same to the Lombard Investment Company to secure a loan of $500 made by that company to her. The mortgage matured July 1, 1896. On February 9, 1903, more than six years after the mortgage matured, the mortgagor conveyed the mortgaged property to the respondents Price by deed warranting the title against all claim of whatsoever kind and nature save and except the mortgage above mentioned. The mortgage was assigned to the appellant's intestate before its maturity, and this action of foreclosure was begun on May 4, 1904. A demurrer was interposed and sustained to the complaint, which set out the foregoing facts, on the ground that the action was barred by the statute of limitations. The appellant elected to stand on his complaint, whereupon judgment of dismissal was entered against him, from which he appeals.

The trial court sustained the demurrer on the principle of the cases of *George v. Butler*, 26 Wash. 456, 67 Pac. 263, 57 L. R. A. 396; *Denny v. Palmer*, 26 Wash. 469, 67 Pac. 268; *Raymond v. Bales*, 26 Wash. 493, 67 Pac. 269; *Hanna v. Kasson*, 26 Wash. 568, 67 Pac. 271. These cases sustain the ruling made by the court. The rule is there laid down that the absence of the mortgagor from the state will not suspend the running of the statute of limitations in favor of his

grantee who has purchased the property subsequent to the mortgage, and this even though the purchaser may not himself have held the title during the entire statutory period. In cases, however, where the purchaser has not held for the statutory period, it may be that should the mortgagee commence an action to foreclose within a reasonable time after the acquisition of the title by the purchaser, the purchaser would be estopped from pleading the statute under the modification of the rule announced in *Denny v. Palmer*. But no such question is suggested by this record. Here the action was begun some fifteen months after the purchaser had acquired the title, and this could hardly be said to be a reasonable delay were it so claimed.

The cases above cited were not intended to be overruled by the case of *Perkins v. Bailey*, 38 Wash. 46, 80 Pac. 177. On the contrary an examination of that opinion will show that the court expressly stated that these cases had no bearing upon the principle of that case.

The second objection, namely, that the exception in the warranty clause in the deed was so far an acknowledgment of the existence of the mortgage as to estop the respondent from claiming the benefit of the statute of limitations, is likewise not well taken. As was said in *Weed Sewing Machine Co. v. Emerson*, 115 Mass. 554: "The exception of the mortgage from the covenant of warranty therein, does not estop the grantee to dispute the validity of the mortgage as against the holder thereof."

The judgment appealed from is affirmed.

HADLEY, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.