[No. 16807.   Department Two.   March 15, 1922.]

CLARA BODE, *Respondent*, v. P. W. RHODES *et al.*,
*Respondents*, C. R. TANNEHILL *et al.*,
*Appellants*.[1]

MORTGAGES   (157) — FORECLOSURE — LIMITATIONS — TRANSFER OF
PROPERTY.   As long as the legal title remains in the mortgagor the
mortgagee may safely deal with the mortgagor, and subsequent
purchasers from the mortgagor who failed to record their deed can-
not allege that payments to the mortgagee did not toll the statute
of limitations.

SAME (106)—TRANSFER OF PART OF PREMISES—SALE IN INVERSE
ORDER OF ALIENATION.   Where portions of mortgaged premises are
conveyed by the mortgagor, the foreclosure should provide for sale
in the inverse order of alienation; and a purchaser taking title in
ignorance of a prior unrecorded deed to another has the superior
equity.

Appeal from a judgment of the superior court for
Pacific county, Reynolds, J., entered April 11, 1921,
upon findings in favor of the plaintiff, in an action to
foreclose a mortgage, tried to the court.   Affirmed.

*Fred M. Bond,* for appellants.

*E. S. Snelling* and *John T. Welsh,* for respondent.

HOVEY, J. — This is an appeal by the grantees of
mortgagors from a judgment refusing to sustain their
plea of the statute of limitations and ordering the sale
of the mortgaged property in parcels in the inverse
order of alienation.

Defendants Rhodes and wife mortgaged certain lots
in an addition to South Bend, Washington, on January
4, 1912, to the respondent (plaintiff) to secure a note
for $600, due in one year after date.   The mortgage
was properly filed in the office of the auditor of Pacific

[1]Reported in 204 Pac. 802.

county on January 25, 1912, and payments of interest were regularly made each year up to and including January 24, 1920.

Certain of the lots were released from the mortgage on August 22, 1912, and on August 24, 1912, the mortgagors contracted with the appellants C. R. Tannehill and wife for the sale of certain other lots covered by the mortgage. This contract was never recorded. These lots were unimproved and the appellants the following year commenced improvement of the same and placed buildings thereon and have ever since been in possession. Appellants obtained a deed for their lots from the mortgagors and recorded the same on March 18, 1916, but there is no testimony to the effect that the mortgagee ever had any actual knowledge of this deed.

On February 4, 1913, the mortgagors conveyed certain other lots, included in the mortgage, by warranty deed to the respondent Axel Anderson. There is no testimony that Anderson ever had any knowledge of the contract between the mortgagors and the appellants.

Respondent Bode brought suit to foreclose her mortgage on October 11, 1920, naming as defendants the original mortgagors, respondent Anderson, and the appellants Tannehill and wife. In addition to the usual allegations, the complaint sets out the conveyances to the respondent Axel Anderson and the appellants Tannehill and wife. The respondent Anderson did not appear in the action. The appellants answered, and among the allegations of the complaint admitted is the conveyance to Anderson. Appellants alleged affirmatively the delivery to them by the mortgagors of a deed on January 29, 1913, for the property claimed by them, and that the same was not placed of

record until March 18, 1916, and they further alleged that the mortgage against them was barred by the statute of limitations. Upon the trial, the only deed offered in favor of the appellants was that of March 18, 1916, and their previous dealings with the property were represented by the contract dated August 24, 1912.

The trial court entered judgment of foreclosure for the amount called for by the mortgage, and directed that the property belonging to the appellants be first sold and that the property conveyed to the defendant Anderson be secondarily liable.

Appellants contend that the payment of interest by the mortgagors would not keep the mortgage alive or prevent the bar of the statute of limitations from commencing to run from the date that they took their contract. They cite *George v. Butler,* 26 Wash. 456, 67 Pac. 263, 90 Am. St. 756, 57 L. R. A. 396; *Denny v. Palmer,* 26 Wash. 469, 67 Pac. 268, 90 Am. St. 766; *Raymond v. Bales,* 26 Wash. 493, 67 Pac. 269; *Hanna v. Kasson,* 26 Wash. 568, 67 Pac. 271; *Boyer v. Price,* 45 Wash. 667, 88 Pac. 1106.

These are cases where the mortgagors had parted with their title to the property and do not apply to this case. As long as the legal title remains in the mortgagor the relation of mortgagor and mortgagee exists and the mortgagee can safely deal with the original mortgagor. 2 Jones, Mortgages (5th ed.), § 1152; *Krutz v. Gardner,* 25 Wash. 396, 35 Pac. 771; *White v. Krutz,* 37 Wash. 34, 79 Pac. 495.

Upon the second point raised, as the record stands, Anderson took his deed without knowledge of the contract held by appellants, and the appellants did not receive their deed until several years later, which leaves the equities with Anderson. The enforcement

of an execution against several mortgaged parcels of property in the inverse order of alienation has been approved by this court in *Black v. Suydam,* 81 Wash. 279, 142 Pac. 700, Ann. Cas. 1916D 1113, and, with the exception of two or three states, is recognized as the correct rule. 1 Wiltsie, Mortgage Foreclosure (3d ed.), §§ 584-591.

Judgment affirmed.

PARKER, C. J., MITCHELL, HOLCOMB, and MACKINTOSH, JJ., concur.