[No. 39042. Department One. April 25, 1968.]

A. A. C. CORPORATION, *Appellant,* v. ROBERT H. REED *et al.,*
*Respondents.*\*

K. *Edison Gimple,* for appellant.

*Klasen & Neal* and J. O. *Neal,* for respondents.

WEAVER, J.—This is an action to foreclose a lien for labor and material timely filed against the real property involved.

Upon motion of defendants, Richard J. Rush and wife, the trial court entered summary judgment holding that the land in question "is free and clear of that certain lien claimed by the plaintiff." The judgment is based upon the court's conclusion that plaintiff's action had not been commenced within the time fixed by statute.

The facts are not in dispute. In 1962, Aluminum Construction, Inc., furnished labor and material for a building

\*Reported in 440 P.2d 465.

on the land involved at the request of Charles H. Baker, who was then in possession of the land by virtue of a purchaser's assignment of a real estate contract.

February 23, 1962, Mr. Baker and his wife executed and delivered their promissory note for $3,218.88 to Aluminum Construction, Inc., payable in 84 installments of $38.32 per month; the first installment being due April 15, 1962. The last installment would become due April 15, 1969. The note provided, among other things, that

If any installment of principal or interest be not paid when due, the holder hereof *may at its option* declare the entire unpaid balance of principal and all accrued interest to become immediately due and payable. (Italics ours.)

March 5, 1962, a notice of claim of lien was recorded in the auditor's office. The claim of lien recites that the value of the labor performed and materials furnished was $2,028, and that credit was given for 84 months in accordance with the promissory note, the terms of which were set forth in the notice.

The promissory note was transferred and the lien assigned to plaintiff, the Aluminum Acceptance Corporation, now A.A.C. Corporation.

In oral argument, counsel stated that on July 10, 1962, the Bakers quitclaimed the property to defendants, Richard J. Rush and wife.

Counsel stipulated that the last payment made on the promissory note was May 4, 1964, and that the note has been in default since 10 days after June 15, 1964. The record does not disclose who paid the monthly payments between April 15, 1962 and May 4, 1964.

June 29, 1965, more than a year after default, plaintiff commenced this action to foreclose the lien to satisfy the balance due on the note together with interest from May 15, 1964, reasonable attorney's fees, and costs of suit.

The sole question on appeal is whether default in the payment of an installment note that contains an *optional* acceleration clause constitutes an expiration of credit under the lien statute of this state.

Our problem, a narrow one, becomes one of interpretation and application of the facts to the italicized portion of RCW 60.04.100:

> Duration of Lien—Limitation of Action. No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; or, *if credit be given and the terms thereof be stated in the claim of lien, then eight calendar months after the expiration of such credit*; and in case such action be not prosecuted to judgment within two years after the commencement thereof, the court, in its discretion, may dismiss the same for want of prosecution, and the dismissal of such action or a judgment rendered therein, that no lien exists, shall constitute a cancellation of the lien. (Italics ours.)

The statute is of ancient lineage. In principle it was adopted by our first territorial legislature. Laws of 1854, § 4, p. 392. There has always been an expressed legislative intent that such liens be of limited duration. The original enactment has been reenacted and amended a number of times.[1]

Each reenactment or amendment (not germane to our problem) has included a provision that "if credit be given" the foreclosure need not be commenced until a stated time "from the expiration of the credit."

This was not entirely satisfactory, for it required one dealing with the title to the property to make independent research to determine exactly what "credit had been given." To correct this deficiency, the legislature, by Laws of 1943, ch. 209, § 1, p. 643 (now embodied in RCW 60.04.100, quoted *supra*), requires that the terms of extended credit be stated in the claim of lien. The lien expires 8 calendar months after the expiration of the extended credit, unless, within that time, action is commenced to foreclose the lien.

---

[1]Laws of 1860, § 4, p. 286; Laws of 1862, § 4, p. 419; Laws of 1873, § 6, p. 443; Laws of 1877, § 26, p. 221; Code of 1881, § 1964; Laws of 1893, ch. 24, § 9, p. 35.

In the instant case, credit extended to the original obligors did not expire until 1969. Of this, defendants had notice by recordation of the claim of lien.

Defendants claim that the extended credit expired, and the 8-month period began to run when default occurred; thus commencement of this action to foreclose the lien was untimely for it was started more than 8 months after default. We do not agree.

■ Although it is the policy of this court to construe lien statutes strictly, for they are in derogation of the common law (*De Gooyer v. Northwest Trust & State Bank,* 130 Wash. 652, 653, 228 Pac. 835 (1924)), this does not create a license to ignore the plain words of the statute. The disputed phrase, "the expiration of such credit," would seem to indicate that credit exists until the total amount of the note is due in 1969.

■ The law is settled in this jurisdiction that even if the provision in an installment note provides for the automatic acceleration of the due date upon default, mere default alone will not accelerate the note. *White v. Krutz,* 37 Wash. 34, 79 Pac. 495 (1905); *First Nat'l Bank of Snohomish v. Parker,* 28 Wash. 234, 68 Pac. 756, 92 Am. St. 828 (1902). A fortiori, the same result occurs when the note may be accelerated only at the option of the holder. *Puget Sound Mut. Sav. Bank v. Lillions,* 50 Wn.2d 799, 803, 314 P.2d 935 (1957); *Gunby v. Ingram,* 57 Wash. 97, 106 Pac. 495 (1910); *Weinberg v. Naher,* 51 Wash. 591, 99 Pac. 736 (1909); *Coman v. Peters,* 52 Wash. 574, 100 Pac. 1002 (1909).

> Thus it is plain that this court is fully committed to the doctrine . . . that mere default in payment does not mature the whole debt—whether there be words of option in the agreement or not. Such a provision hastening the date of maturity of the whole debt is for the benefit of the payee, and if he does not manifest any intention to claim it, before tender is actually made, there is in law no default such as will cause the maturity of the debt before the regular time provided in the agreement. *Coman v. Peters,* 52 Wash. 574, 578, 100 Pac. 1002, 1003 (1909).

The extended credit, a matter of public record, does not terminate upon default alone. Since the note was in default prior to maturity, this action was timely filed when the holder elected to exercise its option by the commencement of this action. Thus the extension of credit was terminated when the action was commenced within the time fixed by RCW 60.04.100. Default in payment alone does not work an acceleration. *Puget Sound Mut. Sav. Bank v. Lillions*, 50 Wn.2d 799, 803, 314 P.2d 935 (1957).

The summary judgment is reversed and the case is remanded for further proceedings. Costs will abide final determination.

It is so ordered.

FINLEY, C. J., HILL and ROSELLINI, JJ., and OTT, J. Pro Tem., concur.