[No. 3159-1.    Division One.    March 22, 1976.]

DAVE HAMILTON, ET AL, *Respondents*, v. A. W. PEARCE, ET AL, *Appellants.*

*Derrill T. Bastian*, for appellants.

*Reaugh, Hart, Allison, Prescott & Davis, J. E. Fischnaller, Piehler, Allerdice & Boyack,* and *Wayne M. Boyack*, for respondents.

ANDERSEN, J.—

FACTS OF CASE

A diesel-equipped power shovel was sold by respondents, Dave Hamilton and William V. Sanden, d/b/a T & H Equipment Company. There are hereinafter referred to as the "sellers."

A. W. Pearce and Willard Whitney, d/b/a Bald Hill Quarry purchased the power shovel for use in their Snohomish County quarry. At a later date they entered into an agreement with Prosper Derycke and Ernest Levold, one of the terms of which was that Derycke and Levold would pay the debts that Pearce and Whitney incurred in the

quarry operation.[1] Pearce, Whitney, Derycke and Levold, all of whom are appellants herein, will, for convenience, be referred to together as the "purchasers."

The shovel was sold on a written sales contract dated December 12, 1967. This was shortly after the Uniform Commercial Code (UCC) became effective in this state. In addition to a down payment which was made, the contract called for monthly payments of $457.15 each, to commence on January 15, 1968.

Only $150 was paid on the first installment and the monthly payments were continuously in default thereafter. Four payments were made on the contract, the last of which was made on August 22, 1969.

The sellers commenced suit against the purchasers on June 6, 1972. This was almost 4 years and 5 months after the contract became in default, but was less than 4 years after the last partial payment had been made and accepted.

The purchasers pleaded the 4-year statute of limitations established by the UCC for contract of sale actions as a bar to the sellers' suit. RCW 62A.2-725(1).

The case was tried to the court. The sellers were awarded judgment against the purchasers and their respective marital communities in the sum of $19,445.35 and costs. The sellers were also granted other relief not here pertinent. Purchasers appealed.

There is but one issue on this appeal.

### ISSUE

Does partial payment on an obligation due and owing on a contract of sale under the UCC start the statute of limitations running anew?

### DECISION

CONCLUSION. Partial payment made on a contract for the sale of goods covered by the UCC commences the running of the UCC's 4-year statute of limitations again under the same circumstances that partial payment on any other con-

---

[1] The trial court held that Derycke and Levold had assumed the obligation to pay for the shovel and that the sellers were third-party beneficiaries of that agreement.

tract would commence a statute of limitations running anew under the general law of this state.

The issue for decision appears to be one of first impression. It involves interpretation of the statute of limitations established by UCC § 2-725 for contract of sale cases. This section is codified in Washington law as follows:

Statute of limitations in contracts for sale. (1) *An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.* By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) *A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.* A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

(4) *This section does not alter the law on tolling of the statute of limitations* nor does it apply to causes of action which have accrued before this Title becomes effective.

(Italics ours.) RCW 62A.2-725. For convenience, this statute will be referred to herein as the "UCC statute of limitations."

Also to be discussed is the pre-UCC statute of this State providing that the statute of limitations commences to run on cases covered thereby when partial payment is made. It reads:

Effect of partial payment. When any payment of principal or interest has been or shall be made upon any existing contract, whether it be a bill of exchange, prom-

issory note, bond or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made.

RCW 4.16.270. We will refer to this as the "partial payment statute."

As the UCC statute of limitations shows on its face, it is undoubtedly now the law that a cause of action for breach of a contract of sale accrues when the breach occurs, and that actions for breach of such contracts are to be commenced within 4 years of the breach.

The purchasers in this case take the position that with the adoption of the UCC statute of limitations, partial payment no longer starts the running of the statute of limitations anew. Their argument is twofold.

Purchasers first rely on general principles of statutory interpretation and on one of the official comments to UCC § 2-725. This phase of their argument is that the UCC has entirely removed sales contracts from the general law limiting the time for commencement of actions so the partial payment statute no longer applies in such cases. They particularly rely on the comment to this section of the UCC which states that "[t]his Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice."[2]

The answer to this is that the UCC contains its own primary rules of construction. One of them is that it shall be construed to promote its purpose of simplifying, clarifying and modernizing the law governing commercial transactions. RCW 62A.1-102.

The consequences of interpreting the UCC statute of limitations as urged by the purchasers would be profound. On any sales contract running over 4 years, a seller who had not sued the purchaser would become a guarantor that the purchaser had not somehow breached the contract over 4 years ago. Every late payment, every underpayment and

---

[2]Official comment, RCWA 62A.2-725.

every breach of any kind, whether known to the seller or not, would require the seller to sue or else risk being left without any remedy at all 4 years and a day afterward. Such an interpretation would run directly counter to the purposes of the UCC and is to be avoided. The official comment quoted, when read in context, says no more than there is now but one uniform statute of limitations, a 4-year statute, covering all contracts of sale.

Purchasers next address themselves to that part of the UCC statute of limitations which provides that "[t]his section does not alter the law on tolling of the statute of limitations . . ." As to this, the purchasers' position is that the partial payment statute above set out is not a "tolling" statute at all and, therefore, is not one of such laws specifically designated as being left unaltered by enactment of the UCC.

The purchasers' argument that the partial payment statute is not a tolling statute is as follows: (1) the statute does not refer to "tolling" in either the title or body of the statute, in contrast with RCW 4.16.170-.230[3] which are called "tolling" statutes, use tolling terminology and are tolling statutes; (2) the Washington comments to the UCC statute of limitations refer to the tolling language in that statute as preserving "the tolling rules established by RCW 4-16.170-230"[4] and do not refer at all to the partial payment statute; and (3) the partial payment statute does no more than fix a date when a statute of limitations commences to run, and as to the UCC, it has been supplanted by the specific UCC statute of limitations which says that it begins to run when a breach occurs.

It should first be noted what the partial payment statute is. It is substantially a codification of the common-law rule. *Ah How v. Furth*, 13 Wash. 550, 553, 43 P. 639 (1896). Most, if not all states, have a similar rule of law, if not by

---

[3]RCW 4.16.170-.230 deal with tolling statutes of limitation for such occurrences as commencement of a lawsuit, absence from the state, concealment, personal disability, death, war, military service and judicial proceedings.

[4]Washington Comment, RCWA 62A.2-725 (4).

statute then as a part of their common law. 51 Am. Jur. 2d *Limitation of Actions* §§ 360, 361 (1970); 54 C.J.S. *Limitations of Actions* § 321 (1948). The underlying principle upon which partial payment will start the limitation period running anew is that part payment amounts to a voluntary acknowledgment of the existence of the debt and from this the law implies a new promise to pay the balance. 51 Am. Jur. 2d, *supra*; 54 C.J.S., *supra*; 1 A. Corbin, *Contracts* § 214 (1963).

The courts of this state have consistently referred to the partial payment statute as being a "tolling" statute.[5] In discussing the effect of partial payments on statutes of limitation, they have also consistently referred to such payments as "tolling" the statutes of limitation.[6]

In our opinion this past usage has been correct. By definition, to *toll* a statute of limitations means to show facts which remove its bar of the action. Black's Law Dictionary 1658 (4th ed. 1968); 2 *Bouvier's Law Dictionary* 3283 (3d ed. 1914). When the fact of a partial payment is shown, the partial payment statute removes the bar of the statute of limitations that was running at the time such payment was made. It does so by starting the statute running anew.

We, therefore, hold that the partial payment statute, RCW 4.16.270, is a statute which tolls statutes of limitation.

We further hold that enactment of the UCC statute of limitations, RCW 62A.2-725, did not alter or modify in any respect the law on the tolling of statutes of limitation,

---

[5] *See Leavenworth State Bank v. Beecher*, 6 Wn.2d 483, 108 P.2d 345 (1940); *Cannavina v. Poston*, 13 Wn.2d 182, 124 P.2d 787 (1942); *Walker v. Sieg*, 23 Wn.2d 552, 161 P.2d 542 (1945); *Easton v. Bigley*, 28 Wn.2d 674, 183 P.2d 780 (1947); *Wickwire v. Reard*, 37 Wn.2d 748, 226 P.2d 192, 23 A.L.R.2d 1323 (1951); and *Keen v. O'Rourke*, 48 Wn.2d 1, 290 P.2d 976 (1955).

[6] *See Hess v. State Bank*, 130 Wash. 147, 149, 226 P. 257, 38 A.L.R. 829 (1924); *Liebl v. Schaeffer*, 134 Wash. 168, 169, 235 P. 26 (1925); *Milroy v. Movic*, 189 Wash. 17, 20, 63 P.2d 496 (1936); *Wickwire v. Reard*, 37 Wn.2d 748, 751, 226 P.2d 192, 23 A.L.R.2d 1323 (1951); and *Knight v. Freimuth*, 13 Wn. App. 112, 114, 533 P.2d 423 (1975). *Accord*, 54 C.J.S. *Limitations of Actions* § 321 (1948).

including RCW 4.16.270 the partial payment statute, as it prevails in this state.

There is an additional ground for our holding.

■ The UCC itself provides that all principles of law and equity, which have not been displaced by its particular provisions, shall supplement the UCC. RCW 62A.1-103; *Gorge Lumber Co. v. Brazier Lumber Co.*, 6 Wn. App. 327, 334, 493 P.2d 782 (1972). The adoption of the UCC in this state neither repealed nor displaced the partial payment statute, RCW 4.16.270. The general principles of contract law are among those which continue under the UCC. 1 Anderson, *Uniform Commercial Code* § 1-103:18 (1970). Therefore, the partial payment statute, RCW 4.16.270, remains effective in UCC contract of sale cases independently of whether or not it is also considered to be a tolling statute.

For the reasons stated, part payment made on a contract for the sale of goods covered by the UCC commences the running of the 4-year statute of limitations again under the same circumstances that part payment on any other contract would commence a statute of limitations running anew under the general law of this state. In the present case, a partial payment had been made by the purchasers within 4 years of the commencement of this action. The suit was, therefore, not barred by the UCC statute of limitations.

Judgment affirmed.

WILLIAMS, C.J., and JAMES, J., concur.