### JAMESON v. JAMESON, *Plaintiff in Error.*

**Obligation Payable on Demand**: DELAY IN DEMAND CONTEMPLATED BY THE CONTRACT: STATUTE OF LIMITATIONS. Where delay in making demand is contemplated by the express terms of an obligation payable on demand, there is no rule of law which requires that the demand be made within the statutory period for bringing an action. Thus, where an obligation for the payment of money one day after date, contained a condition that if the payee should demand payment during her natural life, it should be due and payable; but in case of her death before any or all of the debt should be paid, it should not be paid at all; *Held*, that a demand made by the payee more than ten years after the date of the paper was in time, and that an action brought immediately thereafter, was not barred by limitation.

*Error to Shelby Circuit Court.*—Hon. JOHN T. REDD, Judge.

AFFIRMED.

*James Carr* and *W. O. L. Jewett* for plaintiff in error.

The note was payable on demand. In such case the statute of limitations begins to run as soon as the note is made without any demand. *Easton v. McAllister*, 1 Mo. 662; *Hill v. Henry*, 17 Ohio 9; *Little v. Blunt*, 9 Pick. 488; *Waters v. Earl of Thanet*, 2 Q. B. 757; *Palmer v. Palmer*, 36 Mich. 487; *Haggin v. Williamson*, 5 T. B. Mon. 8; *Darnall v. Magruder*, 1 Harr. & Gill 439; *Rabsuhl v. Lack*, 35 Mo. 316. On the other hand, if demand was necessary before action could be brought, it should have been made within ten years. *Palmer v. Palmer*, *supra; Laforge v. Jayne*, 9 Barr 410; *Codman v. Rogers*, 10 Pick. 112.

NORTON, J.—In July, 1876, plaintiff exhibited in the probate court of Shelby county, against the estate of James

Jameson, deceased, of which defendant was administrator, the following demand, viz:

" One day after date, I promise to pay to Elizabeth Jameson the sum of $600, with interest at the rate of six per cent per annum from the 14th day of October, 1853, as witness my hand this 1st day of November, 1859. The condition of the above obligation is such, that if the above named Elizabeth Jameson shall demand any or all of the above during her natural life, it shall be due and payable according to the tenor of the above; but in case of her death before any or all of the above shall be liquidated, it shall remain with me and my heirs forever as my portion of her estate. Witness my hand, etc.

"JAMES JAMESON."

Upon the trial in the Shelby county circuit court where the cause had been taken by appeal, judgment was rendered for plaintiff in the sum of $1,463.80, from which defendant has appealed to this court.

From the bill of exceptions it appears that plaintiff admitted that James Jameson died intestate in August, 1875, and that plaintiff had never demanded payment of the sum of money specified in the instrument of writing, or any part thereof, of Jameson, and that no demand for the payment was made until the 3rd day of June, 1876. It was admitted by defendant that the instrument sued on had been given by the deceased to plaintiff for a prior indebtedness, plaintiff being a widow and having resided with decedent, who was her son.

The only question presented by the record is, whether plaintiff's action is barred by the statute of limitations. It is insisted by defendant's counsel that it is; 1st, Because the obligation sued upon is a promise to pay money on demand, and the cause of action accrued thereon the day after its date. 2nd, Because if necessary to make demand before the right of action accrued, such demand not having been made within ten years from the date of the in-

strument, the statutory bar applies.  It is well settled that the statute of limitations begins to run against a note payable on demand from the time of its execution.  *Easton v. McAllister*, 1 Mo. 662.   There is also a class of cases to which we have been cited, of which the case of *Palmer v. Palmer*, 36 Mich. 487; s. c., 24 Am. 605, is a type, in which it is held that if an act on the part of a creditor, such as demand or notice, be necessary to complete his cause of action, such demand must be made within the statutory period for bringing an action on the contract, and if not made within that period from the date of the contract, the action will be barred.   This same class of cases, however, further hold that this principle does not extend nor apply to a case where delay in making the demand is contemplated by the express terms of the contract, and where a speedy demand would manifestly violate its intent. The obligation sued upon in this case is not an absolute and unconditional promise to pay the sum therein mentioned, but the payment is unequivocally conditioned upon demand made at any time during the life of the payee, and if made within that time, the sum was to be paid, and if not so made, it was not to be paid at all, but to be forever retained by the payor.   We think it is also clear that it was the evident purpose and intention, both of the payor and payee, that there should be delay in making the demand, and the limit to the delay, as agreed upon by the parties, was the lifetime of the payee.   Giving to the contract this construction, and we cannot see how it is susceptible of any other, it does not fall under the operation of the principle announced in either of the classes of cases to which we have been cited, and which we have above noted ; and it is, therefore, our opinion that the trial court did not err in holding that the action was not barred by the statute of limitations.   Judgment affirmed, in which all concur, except HENRY, J.