## LEE ET AL. v. BALCOM.

1. Due-bills and promissory notes are regulated, and the legal effect thereof determined, by statute in this state and not by the *lex mercatoria*.

2. An instrument for the payment of money, in the following form:

"DECEMBER 20, 1882.

"Due P. Balcom the sum of two hundred and fifty dollars, value received, with interest at ten per cent. per annum after four months from date.

"GEORGE S. LEE,

"M. J. LEE, per GEORGE S. LEE,"

*Held* to be, in legal effect, a promissory note, and due and payable at the time of its execution.

*Appeal from County Court of Arapahoe County.*

THIS suit was originally commenced before George L. Sopris, a justice of the peace of Arapahoe county, by Balcom, the appellee, to recover of and from the defendants, George S. Lee and M. J. Lee, the sum of $250, claimed to be due said plaintiff upon the following due-bill:

"DECEMBER 20, 1882.

"Due P. Balcom the sum of two hundred and fifty dollars, value received, with interest at ten per cent. per annum after four months from date.

"GEORGE S. LEE,

"M. J. LEE, per GEORGE S. LEE."

The cause was tried before the justice, February 12, 1883, resulting in a judgment for the plaintiff for the sum of money mentioned in the instrument. Defendants thereupon appealed the cause to the county court, and the trial in that court occurred June 7, 1883, also resulting in a judgment for the plaintiff, Balcom. Objections were interposed to the introduction of the instrument in evidence in both courts. Before the justice the objection was simply that it was not due; in the county court the objection was that it was not due at the time the action was commenced before the justice.

Messrs. MONTGOMERY and WAYBRIGHT, for appellants.

Messrs. CHAS. S. WILSON and T. J. O'DONNELL, for appellee.

BECK, C. J. The only errors assigned, and now insisted upon by appellants, are that the county court wrongfully admitted the said instrument in evidence, and rendered judgment thereon in favor of the plaintiff, Balcom. Appellants' theory of the case is that the above-mentioned instrument is a promissory note, due four months after date, and, if not paid at maturity, to draw interest thereafter at the rate of ten per cent. per annum. Appellee's theory is that it is an ordinary due-bill, with an interest clause added, and that the words "after four months from date," refer only to the time when interest shall commence to run, if the note remains unpaid.

. Due-bills and promissory notes are regulated, and the legal effect thereof determined, by statute in this state, and not by the *lex mercatoria.* Under the provisions of the statute, any instrument in writing which either promises to pay a sum of money or article of personal property, or acknowledges any sum of money or article of personal property to be due to any other person, is construed to be due and payable to the person named therein, and to be assignable by indorsement under the

hand of the payee.   An ordinary due-bill is invested with the character of a promissory note, whether it contains a promise to pay, or contains words of negotiability, or not.   It is not essential even that it be expressed for *value received.*·  A mere acknowledgment of indebtedness is construed by the statute to import a promise to pay the same to the person named therein, or to the person or persons to whom it has been duly assigned.

The words of the statute (Gen. St. ch. 9, §§ 3, 4) are as follows:

"Sec. 3. All promissory notes, bonds, due-bills, and other instruments in writing, made by any person, whereby such person promises or agrees to pay any sum of money, or article of personal property, or any sum of money in personal property, or acknowledges any sum of money or article of personal property to be due to any other person or persons, shall be taken to be due and payable to the person or persons to whom said note, bond, bill, or other instrument in writing is made.

"Sec. 4. Any such note, bill, bond, or other instrument in writing, made payable to any person or persons, shall be assignable by indorsement thereon, under the hand of such person, and of his assignee, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee successively."

These sections of our statute are literal copies of sections 3 and 4 of chapter 73 of the Revised Statutes of 1845 of the state of Illinois.   The Illinois statute on the subject of negotiable instruments was revised by the legislature of that state in 1874; but the legal effect of the above sections in relation to this subject was not changed.

This due-bill, then, is invested with the characteristics of a promissory note, and it would·have been negotiable as such by virtue of the statute if the interest clause, and the succeeding, words "after four months from date," had been omitted.  *Laughlin v. Marshall,* 19 Ill. 390;

*Stewart v. Smith,* 28 Ill. 397; *Archer v. Claflin,* 31 Ill. 306; *Jacquin v. Warren,* 40 Ill. 459. The addition of the words, "with interest at ten per cent. per annum after four months from date," left the time of payment uncertain, and created a *patent ambiguity* in the instrument.

The question to be decided is whether the intention was that the sum of money mentioned therein was due at the date of the execution of the instrument or was to become due four months thereafter. This is a question for the court alone, and it is proper for the court, in the interpretation of the language employed, to bring to its aid any collateral fact or circumstance, appearing upon the face of the instrument, which may aid in its interpretation. The rule is that the form of the instrument, together with the check-marks and erasures, if any, and the technical sense in which certain words and terms are employed by established commercial usage, may be considered. The import of words and terms, so established, will be held to be the sense intended by the parties using them. Best, Ev. § 228; *Riley v. Dickens,* 19 Ill. 29.

An illustration of these principles is afforded by the case of *Hobart v. Dodge,* 10 Me. 156. A promissory note was drawn and executed, a printed form being used, containing, among other printed clauses, the words "on demand." These words were erased, by drawing through them three parallel lines. The following is a copy of the note as executed:

"BOSTON, November 25, 1831.

"For value received, I, the subscriber, of Saco, in the county of York and state of Maine, promise to pay James T. Hobart, or order, ten hundred and thirty-two dollars fifty-one cents, on demand, with interest after four months."

The same question arose in that case as in this, viz.: Did the final clause — "after four months" — relate to the time when interest should begin to run, if the note

then remained unpaid, or was it the intention of the parties that the note should mature *four months after date?* Under the principles of construction above mentioned, the question was easily decided, for valuable aids to a correct interpretation existed within and upon the face of the instrument. The court held the presumption to be that the note was signed after the erasure of the words "on demand;" that these words were erased for some purpose and by consent of the parties. The erasure of the words mentioned indicated that it was not intended to make the note payable on demand, and since the only time clause to which the "promise to pay" could relate was the "four months" clause, it was held to be intended as the time of payment.

The question here presented is more difficult than that in *Hobart v. Dodge* for the reason that the instrument to be construed contains no clear indications of intention. There are neither erased words nor check-marks to guide us to the meaning of the parties. The construction placed upon the above-described promissory note furnishes no precedent for this case, for the reason that its form and phraseology are unlike the instrument in this case; and the further reason that the controlling circumstance which guided the court to the intention of the parties in the case referred to does not exist in the present case. It will be observed that one instrument is similar in form to a promissory note while the other is in the form of a due-bill. For the purpose mentioned, it is immaterial that both instruments would be, in legal effect, promissory notes under our statute. The two classes of instruments exist irrespective of the statute. Both classes are held to import promises to pay, but in one class the promise is verbally expressed, while in the other class the promise is usually implied, and no day for performance specifically mentioned. By virtue of the statute the term "due," although not connected with or relating to a time clause, as "on demand," or upon a day certain, imports both an

acknowledgment of an existing indebtedness and a promise to pay the same. It does not follow, however, that a patent. ambiguity can be aided by substituting for the word "due" the words "I promise to pay." This would change the phraseology, whereas the intention of the parties must be ascertained from the phraseology which they used, aided in the manner stated. The common as well as the statutory signification of the word "due," when not qualified by a time clause, is that the money or property in the due-bill mentioned is due at the time of executing the instrument. This is not an unusual form for such instruments.

Had the instrument in question consisted only of the following portion thereof, viz.: "December 20, 1882, due P. Balcom the sum of $250," it would have constituted a formal due-bill by the law merchant, and, in legal effect, a negotiable promissory note under the provisions of the statute. In such. case, also, it would be held that the sum of money mentioned would have been due at the date of its execution. It is clear, therefore, that the addition of the interest clause (an unusual appendage to this class of paper) has created the uncertainty as to the time of maturity. We are of opinion that the proper rule of construction applicable to the case is to give the word "due" its ordinary legal meaning and to make the concluding clause of the note, "*after four months from date*," refer to the next antecedent subject, viz.: "with interest at ten per cent. per annum," making the interest, and not the principal, payable "after four months from date." This view of the case is sustained both by the peculiar phraseology of the instrument and by well-established rules of construction. *Shaw v. Shaw*, 43 N. H. 170. The legal rule for the construction of a paragraph, where prior and subsequent clauses are so constructed as to render the meaning obscure and doubtful, is applicable, viz.: that an ambiguous phrase is given no weight as against one that is clear and certain. "It

would be a poor rule," said Mr. Justice Stuart in *State v. Williams*, 8 Ind. 191, "to reject what is clear in order to give effect to what is obscure."

In accordance with the foregoing rules and principles of construction, the instrument was due and payable at the time of its execution. The judgment is accordingly affirmed.

*Affirmed.*