[Civ. No. 3788. Second Appellate District, Division Two.—April 10, 1923.]

## J. K. VERMILYEA, Respondent, v. MINERVA D. VERMILYEA, as Executrix, etc., Appellant.

[1] STATUTE OF LIMITATIONS—WRITTEN ACKNOWLEDGMENT OF INDEBTEDNESS—DEMAND.—Where a written acknowledgment of an indebtedness contemplates an indefinite delay in payment, the statute of limitations does not begin to run until actual demand or the happening of an event designated in the contract as the extreme limit of time for payment.

[2] ID.—DUE-BILL—RUNNING OF STATUTE.—A due-bill acknowledging an existing indebtedness in unequivocal language and containing no provision or accompanying writing making a demand a condition precedent to a right of action upon the part of the payee is an existing obligation due immediately and without demand, and the statute of limitations begins to run upon its delivery.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

S. L. Carpenter for Appellant.

Flint & MacKay for Respondent.

CRAIG, J.—Defendant demurred to the plaintiff's amended complaint filed against the estate of Samuel E. Vermilyea, deceased, on the ground that the claim sued upon was barred by the four-year provision of the statute of limitations. The demurrer was overruled. The only question here presented is as to the correctness of this ruling.

The action is based upon two writings received by the plaintiff from the deceased inclosed in the same envelope, and which must be read together to determine the intent of their author and the legal obligation resulting from his act in executing them. The letter is as follows:

"In relation to that $1000 will say am glad you mentioned it for I should have given you some writing before now that would be a legal obligation in case of my death, but have been expecting to make a sale of some of my property all the time and then intended to pay it off and so have put it off. I inclose a little statement in relation to the deal which would be paid by my estate if anything should happen. I have made the interest 7% as you will observe so no question could arise in relation to illegal interest in case of my death. I have deemed wise to make the statement fully full so you would not have to make any proof of the circumstances but could simply file the paper with my administrator in case of my death and the claim would be allowed. Of course I may die any moment, but hope to live some time yet, and if I do think will be able to pay you the money before the summer is over."

The statement to which reference is made reads:

"Due John K. Vermilyea, for value received, one thousand dollars, with interest thereon from October 4th, 1906, at the rate of seven per cent per annum.

                                    "S. E. VERMILYEA."

[1] Appellant contends that immediately upon delivery of the due-bill the statute of limitations pleaded began to run; that the letter was intended by the deceased to make provision against the running of the statute which, not being permitted by law, must be held ineffective. He asserts the legal proposition, that, as public policy is the foundation of the statute of limitations, it cannot be waived in advance. This respondent does not dispute, but asserts that the statute did not begin to run in this instance because the contract contemplated indefinite delay in the payment of the amount due on demand, in which case he contends the law does not require that the demand be made within the statutory period of limitations, and that the statute does not begin to run until actual demand or the happening of an event designated in the contract as the extreme limit of time for payment, in this instance the death of the deceased.

[2] The legal principles upheld by respondent are sound. However, from the construction we place upon the writings they are inapplicable to the facts of the instant case. It seems clear that the intent indicated by the writings before us was to recognize the existence of an obligation to John K. Vermilyea by the deceased in the sum of one thousand dollars with interest from October 4, 1906, until March 29, 1913, when the writings were executed, and until payment; that this obligation is expressly admitted as an existing one due immediately and without demand. Such, unquestionably, would be the legal effect of the due-bill if considered alone. (*Lee* v. *Balcom*, 9 Colo. 216 [11 Pac. 74].) We think the letter was intended as one of transmission only and was not meant by S. E. Vermilyea to qualify the unconditional nature of the due-bill in any respect. It must be borne in mind, also, that as the language of the due-bill is unequivocal it cannot be modified unless the latter contains some provision making a demand a condition precedent to a right of action upon the part of the payee. We find no statement to that effect, but, on the contrary, it says that in case of the writer's death his brother would not need to make any proof but "could simply file the paper" with the administrator of the estate of the decedent. Therefore, the statute began to run at once upon the execution of the writings. The cases cited by respondent are applicable only

where a demand is necessary to the accrual of the plaintiff's right of action. This is true of both *Jamieson* v. *Jamieson*, 72 Mo. 640, and *Vickrey* v. *Maier*, 164 Cal. 384 [129 Pac. 273].

More than seven years had elapsed from the date of the letter and writing accompanying it before the death of the maker. Hence the plaintiff's right of action was barred and the demurrer should have been sustained.

The judgment appealed from is reversed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1923.