[No. 18817.   Department Two.   March 13, 1925.]

IRVIN E. COCHRAN, *Respondent,* v. MORGAN V. COCHRAN, *Appellant.*[1]

APPEAL (119)—PLEADING (202)—WAIVER OF OBJECTIONS—FAILURE TO REPLY. Objection that no reply was made to an affirmative defense cannot be first made in the supreme court where no objections were made below, and the trial court considered the defenses denied.

LIMITATION OF ACTIONS (44) — ACCRUAL OF ACTION — DEMAND. Where advances were made for the redemption of mortgaged lands under an agreement that they were not to be repaid until the mortgagor had money available, and an immediate demand would have violated the intent of the contract, the rule that the statute of limitations would run unless a demand was made within the period of the statute does not apply, and an action to recover the advance is not barred if timely commenced after the money became available by a sale of the land.

ELECTION OF REMEDIES (1-1)—ESTOPPEL (34)—INCONSISTENCY OF ALTERNATING REMEDIES—ESTOPPEL BY TESTIMONY. An action at law to recover money advanced for the redemption of mortgaged land is not barred by a prior unsuccessful action in equity to establish a lien to which a demurrer was sustained; nor by plaintiff's subsequently pleading a resulting trust and his evidence to sustain the same, where the evidence to sustain the last action was not given at the former trial and his former evidence was not changed.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered January 2, 1924, upon findings in favor of the plaintiff, in an action for money loaned, tried to the court. Affirmed.

*Stephen E. Chaffee* and *R. John Lichty,* for appellant.

*G. W. Hamilton* and *Thomas H. Wilson,* for respondent.

MAIN, J.—This was an action at law for the recovery of a money judgment. The cause was tried to the court without a jury. Upon the trial it was stipulated

[1]Reported in 233 Pac. 918.

that the record in the case of *Cochran v. Cochran,* 114
Wash. 499, 195 Pac. 224, 198 Pac. 270, should be con-
sidered as a part of the record in this case.   In this
action Irvin E. Cochran is plaintiff and Morgan V.
Cochran defendant.   The trial resulted in findings of
fact and conclusions of law sustaining the plaintiff's
right to recover, and a judgment was entered in the
sum of $2,619.44, which included the original advance-
ment and interest thereon up to that time, from which
the defendant appeals.

The general facts and the history of the transac-
tions out of which the litigation arose in both cases
are fully stated in *Cochran v. Cochran, supra,* and
need not be here repeated except by way of summary
only.   The appellant in this action was the owner of
a tract of land upon which there was a mortgage. The
parties are brothers.   There were numerous transac-
tions between them.   The respondent, being the older,
generally looked after business affairs for the appel-
lant, his younger brother.   The appellant was unable
to pay the mortgage and it had been foreclosed.   The
expiration of the time for redemption was approach-
ing.   The respondent advanced money which went into
the redemption of the property.   The matter stood in
this way and the brothers, from time to time, discussed
or talked over their affairs.   On the 4th of March,
1918, they had a conversation relative to the amount
which the appellant was owing the respondent and
relative to adjusting their affairs, because the appel-
lant was to be married on the next day.   But nothing
came of this conversation.   Sometime thereafter Mor-
gan V. Cochran, the appellant here, brought an action
to quiet title.   Irvin E. Cochran, the respondent in this
case, answered, and by way of affirmative defense
sought the enforcement of an equitable lien against
the property for the money that he had advanced to-

wards the redemption. To this defense a demurrer was sustained. He then pleaded as an affirmative defense that, by reason of his advancement of the money, a resulting trust existed in his behalf. The cause went to trial and resulted in a judgment establishing that he was the owner of 19-28ths of the land by reason of such resulting trust. From the judgment entered, Morgan Cochran appealed and the judgment was reversed, holding that a resulting trust did not exist. Thereafter the present action was brought to recover a money judgment, and resulted as above indicated.

The appellant in this action pleaded as an affirmative defense that Irvin's answer in the previous case was *res adjudicata* and his testimony in that action estopped him from maintaining the present action. The cause went to trial without a reply to this affirmative defense being filed. The appellant now insists that, by reason of that fact, his affirmative defense was admitted and the cause should be decided in his favor.

The present action was tried on September 23, 1923. A reply had been verified on August 27, 1923, but was not filed until November 5, which was subsequent to the trial. The trial court found "that no reply denying the allegations of the affirmative defenses of the defendant's answer was filed, and no objections to the failure to file same having been made, trial was had and the court considered said defenses denied at the outset." The question does not appear to have been raised in the trial court and we think was therefore waived by want of timely objection. In *Allen v. Schultz*, 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676, it was said:

"A final contention is that the plea of contributory negligence in the answer of the appellant Christ Schultz stands undenied and must be taken as true,

and so taking it, no recovery can be had as against him. But the answer appearing in the record transmitted to this court was filed subsequent to the trial of the case before the jury, and were the question open to the appellant, it may be doubtful if the record is sufficient to invoke the rule. The case, however, was tried on its merits as if an issue had been formally joined, without contention on the part of either side that any traversable allegation of the pleadings had been admitted. The failure to deny was, therefore, waived by want of timely objection.''

The next question is the statute of limitations. The money for the redemption was advanced by the respondent on October 29, 1917. The present action was begun June 27, 1921. If the statute ran from the time of the advancement the action is barred. If it did not begin to run until a formal demand was made upon the appellant to pay, which was on or about October 23, 1919, then the action was timely brought. The theory of the present action was that, at the time the money was advanced, there was an understanding that it was not to be paid until the appellant had money out of which he could reimburse the respondent. Shortly prior to the bringing of this action, the appellant sold the land and the money was available.

The appellant invokes the rule of a class of cases which hold that, if an act on the part of a creditor, such as a demand or notice, be necessary as a condition precedent to his cause of action, such demand must be made within the statutory period for bringing an action on the contract, and if not made within that time from the date of the contract the action will be barred. That rule, however, does not apply to a case where delay in making the demand is contemplated by the parties at the time the contract was made, and where a speedy demand would manifestly violate its intent. In *Vermilyea v. Vermilyea*, 61 Cal. App. 608,

215 Pac. 686, it was held that, where an agreement for payment of money contemplates an indefinite delay in payment, the statute of limitations does not begin to run until the actual demand has been made, or the happening of some event designated as the extreme limit of the time of payment. In *Jameson v. Jameson*, 72 Mo. 640, after referring to the rule upon which the appellant in the case now before us relies, it was said:

"This same class of cases, however, further hold that this principle does not extend nor apply to a case where delay in making the demand is contemplated by the express terms of the contract, and where a speedy demand would manifestly violate its intent."

The same rule, in effect, is applied in *Paul v. Kohler & Chase*, 82 Wash. 257, 144 Pac. 64. In that case.pianos had been delivered to the defendant under an agreement that it would "hold them on sale and pay for them when sold." It was there said:

"An obligation did not, therefore, arise under this contract immediately, so as to set at once the statute of limitations in motion. It could arise only after the pianos were sold, as it was at that time only that the appellant's obligation to pay for them arose."

In the present case the trial court found that the understanding was that the $1,912 advanced by the respondent "should be repaid to the plaintiff by the defendant when the defendant should either mortgage said land so redeemed or sell the same." This finding is attacked on the ground that the evidence does not support it. Assuming that the evidence does not support the finding, it nevertheless is made clear by the evidence that it was contemplated, at the time the money was advanced, that it should not be immediately due. The action was brought within time.

The next question is whether the respondent should be denied the right to bring this action because of his pleading and testimony in the former action. The

pleading in that action, where he sought to establish an equitable lien, to which a demurrer was sustained, and thereafter plead a resulting trust upon which he prevailed in the trial court, would not prevent him from subsequently maintaining an action at law. This is not a case for the application of the rule that where there is a choice between inconsistent remedies the assertion of one is necessarily repugnant to, or a repudiation of, the other, because it was held upon the former appeal that no such remedy exists as was there claimed. In *Eisenbeis v. Wakeman*, 3 Wash. 534, 28 Pac. 923, an action had been brought to establish a lien for material which went into the construction of a building, and it was held that no right of lien existed. In disposing of the case it was remanded with instructions to dismiss, "but without prejudice to an action at law to recover the amount due."

Neither do we think the appellant is estopped from maintaining the present action by reason of the testimony that he gave in the prior action. In the record in that case, as stated in the opinion, there was no "information touching the question of what understanding existed between them at the time of the redemption as to how or when, if at all, appellant was to reimburse respondent for the amount so advanced and paid by him in effecting the redemption." There being no such evidence in the former case, the testimony in this case that no demand at any time had been made prior to the one above referred to, the rule that a party having testified in one case and lost will not be permitted in a subsequent action to change his testimony and make a case upon which he might prevail is not applicable.

The judgment will be affirmed.

HOLCOMB, MITCHELL, MACKINTOSH, and FULLERTON, JJ., concur.