[No. 4596–1.   Division One.   February 27, 1978.]

RUTH M. HOPPER, *Individually and as Administratrix, Respondent*, v. JOHN HEMPHILL, ET AL, *Appellants.*

---

*Wendells, Froelich, Power & Lakefish, Herbert I. Lakefish,* and *Francis R. Rudolph,* for appellants.

*McMullen, Brooke, Knapp & Grenier* and *Robert J. Grenier,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

At issue is when the statute of limitations commences running on a demand obligation.

The facts as found by the trial court are these.

June 30, 1969. William R. Hopper (Hopper) loaned his friend John Hemphill (Hemphill) $10,000. Nothing was put in writing and their oral agreement was that the obligation was repayable on demand and would bear interest.

March 31, 1972. Hopper asked for and received a $1,300 partial payment on the loan.

January 24, 1974. Hopper died without additional payments on the loan having been made or requested.

April 21, 1975. The administratrix of Hopper's estate sued Hemphill for repayment of the loan.

The trial court entered a judgment against Hemphill for the unpaid principal of $8,700 plus interest and Hemphill appeals. We reverse.

One specific issue is presented.

## ISSUE

When does the statute of limitations commence running on a demand loan?

## DECISION

CONCLUSION. If an actual notice or demand is required for a cause of action to accrue on a demand loan obligation, then the statute of limitations does not commence running until notice is given or demand is made, or until a reasonable time has elapsed. Where, however, no formal notice or demand need be given for the cause of action to accrue, the

statute of limitations commences running on a demand loan obligation from the date on which the loan is made.

This is an action on an oral agreement. The 3–year statute of limitations therefore applies. RCW 4.16.080(3).

The statute of limitations begins to run at the time the cause of action accrued. RCW 4.16.010.

█ Here there was a promise to pay money on demand. The applicable rule is that

> A loan of money payable on demand creates a present debt, and the statute of limitation begins to run against the lender from the date of the loan.

54 C.J.S. *Limitations of Actions* § 130 (1948). *Accord, National Bank of Commerce v. Preston,* 16 Wn. App. 678, 681, 558 P.2d 1372 (1977).

This rule accords with the view expressed with respect to demand notes under the previous Uniform Negotiable Instruments Law, *Rushlight v. McLain,* 28 Wn.2d 189, 198, 182 P.2d 62 (1947), and with the language of the Uniform Commercial Code, RCW 62A.3–122(1)(b). The rationale for the rule is a sound one. It is that an agreement using the term "on demand" or an equivalent expression is ordinarily not considered as making actual demand a condition precedent to a right of action, but is considered as merely importing that the debt is due and demandable immediately, or at least, that the commencement of a suit on the obligation constitutes a sufficient demand. *See Hardin v. Sweeney,* 14 Wash. 129, 133, 44 P. 138 (1896); 71 A.L.R.2d 284, 288, 300–02.

Here the $10,000 loan by Hopper to Hemphill on June 30,- 1969, created a present debt and the 3–year statute of limitations commenced running on the date of the loan. The $1,300 payment made by Hemphill on March 31, 1972, prior to the running of the 3–year statute, tolled that statute and commenced it running anew. RCW 4.16.270; *Hamilton v. Pearce,* 15 Wn. App. 133, 137–38, 547 P.2d 866 (1976).

Hopper's death on January 24, 1974, did not toll the running of the statute. *Dodson v. Continental Can Co.,* 159

Wash. 589, 598–99, 294 P. 265 (1930). Under a provision of the probate code, if the statute of limitations would otherwise have run on the obligation at anytime within the 1 year immediately following Hopper's death, his personal representative would in that event still have had a full year from the date of death within which to commence suit on the obligation. RCW 4.16.200.[1] But here the statute did not run until over a year following the death so that provision of the probate code was without effect.

Thus the 3–year statute of limitations ran on March 31, 1975, 3 years following Hemphill's partial payment to Hopper, and since the present action was not commenced until the following month, on April 21, 1975, the action is barred.

The trial court in ruling that the obligation was not barred, did so in reliance on the rule that where an actual demand is necessary before a cause of action accrues on a contract, the statute of limitations does not begin to run until either a demand has in fact been made, or until a reasonable time within which to make such a demand has expired. *See Washington Security Co. v. State,* 9 Wn.2d 197, 213, 114 P.2d 965, 135 A.L.R. 1330 (1941). The trial court concluded:

> That William R. Hopper's, deceased, [*sic*] request for repayment of monies loaned to defendants Hemphill was a condition precedent to the defendants Hemphills' obligation to repay said monies. That the said condition precendent [*sic*] not having occurred prior to the death of William R. Hopper on January 24, 1974, said obligation of defendants Hemphill did not become due until the death of William R. Hopper.

Conclusion of law No. 3.

---

[1]RCW 4.16.200 provides:

"Statute tolled by death. If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives after the expiration of the time and within one year from his death. If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced against his representatives after the expiration of that time and within one year after the issuing of letters testamentary or of administration."

Unquestionably, parties to an agreement may so frame it as to make a preliminary demand prerequisite to a right of action, 54 C.J.S. *Limitations of Actions* § 130 (1948), *Chatos v. Levas,* 14 Wn.2d 317, 321, 128 P.2d 284 (1942), but nothing in the record before us suggests that the parties herein intended that an actual demand was necessary to create a cause of action. The statute of limitations, therefore, began to run from the date of the loan and the trial court erred in concluding that an actual demand was a condition precedent to the accrual of the cause of action. The statute of limitations had run prior to suit being commenced. The suit is therefore barred.

Reversed.

FARRIS, C.J., and CALLOW, J., concur.

Petition for rehearing denied May 11, 1978.