945 P.2d 765 (1997)
88 Wash.App. 627
Ronald NILSON, Appellant,
v.
CASTLE ROCK SCHOOL DISTRICT, Respondent.
No. 20654-4-II.
Court of Appeals of Washington, Division 2.
October 31, 1997.
As Amended December 19, 1997.
Roberta Sue Church, Elbe, for Appellant.
Paul Roger Roesch, Longview, for Respondent.
HOUGHTON, Chief Judge.
On June 12, 1995, Ronald Nilson filed a lawsuit against Castle Rock School District (Castle Rock) for breach of an oral contract for a demand loan. As an affirmative defense, Castle Rock asserted that the three-year statute of limitations commenced to run when Castle Rock made a partial payment on the loan on November 27, 1991. Nilson contends the statute did not commence to run until he demanded repayment on July 6, 1992. Castle Rock's motion for summary judgment dismissing Nilson's complaint as time barred was granted. Holding that the action was not time barred, we reverse the summary judgment of dismissal and remand for further proceedings.

*766 FACTS
In the fall of 1990, Castle Rock hired Nilson as the head basketball coach. Nilson alleged that he entered into an oral agreement with Lisa Dallas, Athletic Director for Castle Rock High School. Under the terms of the agreement, Nilson agreed to initially pay for new high school boys basketball uniforms, since school district funds were not then available. According to Nilson, Castle Rock agreed to reimburse him over time upon his demand. Nilson then purchased uniforms with $3,900 of his own money.
On November 27, 1991, upon his request, Castle Rock paid Nilson $1,000 as part payment for the uniforms from a fund in which monies were collected to support the basketball team. Nilson also received $500 from a local booster club to help offset the costs of the uniforms.
In April 1992, Castle Rock notified Nilson that his coaching contract would not be renewed. Protesting that decision, Nilson filed a grievance. At the grievance meeting on July 6, 1992, Nilson requested full payment of the remaining $2,400 due on the uniforms. According to Nilson, Castle Rock responded that the school district would pay Nilson the balance only if he agreed to waive his rights under the collective bargaining agreement. Refusing to do so, Nilson filed a complaint with the Public Employees Relations Commission for representation against Castle Rock. As part of his appeal to that commission, Nilson again requested payment of the outstanding balance.
On June 12, 1995, Nilson filed suit against Castle Rock for breach of oral contract seeking recovery of the monies paid out for the uniforms.[1] Castle Rock answered, denying that there was an oral contract and asserted, as an affirmative defense, that the three-year statute of limitations for the action had run.
Castle Rock moved for summary judgment.[2] In an affidavit filed in support of summary judgment, Superintendent Ben Acker asserted that the $1,000 payment was made to Nilson voluntarily. The trial court ruled that the statute of limitations barred Nilson's action as it began to run in November 1991, the date of the partial payment, and granted summary judgment dismissing Nilson's complaint. Nilson appeals contending the statute did not commence running until he demanded repayment during the grievance hearing on July 6, 1992.

ANALYSIS
The standard for summary judgment appears succinctly in Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982), and Seven Gables Corp. v. MGM/UA Entertainment Co., 106 Wash.2d 1, 12-13, 721 P.2d 1 (1986): The appellate court's role is to engage in the same inquiry as the trial court. A summary judgment motion brought under CR 56(c) can be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. The court must consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party. The court should grant the motion only if, from all of the evidence, reasonable persons could reach but one conclusion.
Here, the parties entered into an oral loan agreement that did not provide a specific time or period for repayment. This type of loan is known as a "demand loan." See BLACK'S LAW DICTIONARY 430 (6th ed.1990).
The statute of limitations on an oral loan agreement is three years from the date the cause of action accrued. RCW 4.16.080(3); RCW 4.16.005. Absent other facts, the cause of action accrues on the date when the loan is made. Barer v. Goldberg, 20 Wash.App. 472, 476, 582 P.2d 868, review denied, 90 Wash.2d 1025 (1978). But an exception to the rule exists when, at the time of contracting, the parties contemplated delay in making the demand and where "speedy demand would violate the spirit of the contract." Barer, 20 Wash.App. at 476, *767 582 P.2d 868 (citing Cochran v. Cochran, 133 Wash. 415, 233 P. 918 (1925)). This exception is more specifically set forth in Hopper v. Hemphill, 19 Wash.App. 334, 336, 575 P.2d 746 (1978):
[i]f an actual notice or demand is required for a cause of action to accrue on a demand loan obligation, then the statute of limitations does not commence running until notice is given or demand is made, or until a reasonable time has elapsed.
Accordingly, the Hopper court recognized that parties may frame their agreement "to make a preliminary demand prerequisite to a right of action." Hopper, 19 Wash.App. at 336, 575 P.2d 746.
The facts regarding demand for and partial payment in Hopper bear some similarity to those here. On June 30, 1969, Hopper lent Hemphill $10,000 based upon an oral agreement that the obligation was repayable on demand. On March 31, 1972, Hopper demanded and received a $1,300 partial payment. Hopper died in 1974 without making further demands for payment. On April 21, 1975, the personal representative of Hopper's estate demanded repayment of the remaining $8,700. No payment was made and the estate filed a lawsuit for recovery. The trial court entered judgment against Hemphill for the $8,700. On appeal,[3] the court noted:
Here the $10,000 loan by Hopper to Hemphill on June 30, 1969, created a present debt and the 3-year statute of limitations commenced running on the date of the loan. The $1,300 payment made by Hemphill on March 31, 1972, prior to the running of the 3-year statute, tolled that statute and commenced it running anew. RCW 4.16.270; Hamilton v. Pearce, 15 Wash. App. 133, 137-38, 547 P.2d 866 (1976).
Hopper, 19 Wash.App. at 336, 575 P.2d 746.
In the present case, Nilson states in his affidavit that he and Lisa Dallas agreed that Castle Rock would repay him "as soon as funds were available." The entire transaction was premised on Castle Rock's lack of funds and its inability to adequately provide practice and game uniforms to its boys basketball team. An immediate demand by Nilson, thus, would have defeated the entire purpose for which he agreed to initially outlay moniesto alleviate the financial burden upon Castle Rock in equipping the basketball team.
Viewing the evidence in the light most favorable to Nilson, the circumstances surrounding the demand loan agreement reveal that the parties contemplated repayment sometime in the future. They neither anticipated nor intended that there would be an immediate demand since the purpose of the agreement was to relieve the school of initially paying for the uniforms.
We hold that the three-year statutory period for repayment of the $2,700 balance did not commence to run until Nilson made demand for repayment of the balance on July 6, 1992. Accordingly, the trial court erred by ruling the suit was barred by the statute of limitations because Nilson filed the lawsuit within that period.
Reversed and remanded for further proceedings.
SEINFELD and HUNT, JJ., concur.
NOTES
[1] Castle Rock continues to possess the uniforms.
[2] For purposes of the summary judgment motion on the statute of limitations, Castle Rock agreed that there was an agreement.
[3] The Court of Appeals reversed the judgment because the suit was filed on April 21, 1975, whereas the statute of limitations had run on March 31, 1975.