IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RADU BAHNEAN and FIBIA BAHNEAN, a married couple, | ) ) ) | No. 35423-7-III |
| Appellants, | ) ) | |
| v. | ) ) | |
| HSBC BANK USA, N.A., as Trustee for Deutsche Alt-A Securities Inc. Mortgage Loan Trust, Mortgage Pass-through Certificates Series 2006-AR6, a foreign corporation, | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| EMC MORTGAGE LLC; SNOQUALMIE PASS UTILITY DISTRICT; ALL OCCUPANTS OF THE REAL PROPERTY KNOWN AS 132 HYAK DRIVE , SNOQUALMIE PASS, WASHINGTON 98068, | ) ) ) ) ) ) ) | |
| Third Party Defendants. | ) | |

PENNELL, J. — Radu and Fibia Bahnean appeal the superior court's adverse orders

of summary judgment, and a judgment and decree of foreclosure. We affirm.

FACTS

Husband and wife Radu and Fibia Bahnean executed a promissory note ("Note")

on or about October 23, 2006, in favor of GreenPoint Mortgage Funding, Inc. The Note

was secured by a deed of trust ("Deed of Trust") encumbering real property that the

Bahneans purchased two years prior in Kittitas County, Washington ("the Property").
This loan was obtained so the Bahneans could pay off debt they incurred to build a
structure on the Property.

Under the Note, the Bahneans agreed to pay a principal of $490,000, plus interest, in monthly installments for 30 years, beginning on December 1, 2006. The Note was set to mature on November 1, 2036, and provided that if the Bahneans failed to "pay the full amount of each monthly payment on the date it is due, [the Bahneans] will be in default." Clerk's Papers (CP) at 104. The Note further provided that if the Bahneans were in default, "the Note Holder may send [the Bahneans] a written notice telling [them] that if [they] do not pay the overdue amount by a certain date, the Note Holder may require [them] to pay immediately the full amount of Principal that has not been paid and all the interest" owed on such amount. *Id*. The Note includes a "No Waiver" clause specifying the Note holder's failure to accelerate the loan after default does not waive the right to acceleration at a future date if the Bahneans are in default. *Id*.

The Deed of Trust similarly provided that the "Lender shall give notice to [the Bahneans] prior to acceleration following [the Bahneans'] breach of any covenant or agreement in this Security Instrument." *Id*. at 121. As to the notice to be provided, the Deed of Trust states:

2

> The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [the Bahneans], by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property at public auction at a date not less than 120 days in the future.

*Id*.

The Bahneans stopped making installment payments on their loan in mid-2008. Although the Bahneans were in default, the Note holder did not accelerate the loan.

On July 31, 2009, the Bahneans filed for Chapter 7 bankruptcy protection in Texas. Shortly thereafter, GreenPoint assigned the Deed of Trust to HSBC Bank USA, N.A ("HSBC Bank"). Then, on October 28, 2009, the bankruptcy court entered a discharge order for the Bahneans.

On June 4, 2014, the loan servicer sent the Bahneans a notice of default. This notice stated that payments on the loan were past due, which meant that the Bahneans were in default; it advised them of the actions necessary to cure the default and deadlines for those actions, and that failure to cure the default could result in acceleration of the loan and foreclosure. This notice in and of itself did not accelerate the loan. The notice stated that, as of June 4, 2014, the total amount past due was $164,613.56.

On March 9, 2015, the Bahneans initiated an action in Kittitas County Superior Court seeking to quiet title and for a declaratory judgment. The Bahneans acknowledged

that they had defaulted on the Note in mid-2008 when they first missed an installment payment. Because a six-year statute of limitations applied to enforcement of the Note, the Bahneans reasoned that the statute of limitations period had expired and they were entitled to title of the Property free and clear.

HSBC Bank answered the Bahneans' complaint, asserted a counterclaim against the Bahneans, and filed a third party complaint for judicial foreclosure. HSBC Bank averred that the statute of limitations had not run and that the bank remained entitled to enforcement of the Note.

The superior court agreed with HSBC Bank, finding that because the Note had not been accelerated or reached maturity, the bank's counterclaim and third party complaint to enforce the Note were not barred by the statute of limitations, and HSBC Bank was entitled to recover delinquent installment payments that became due after February 15, 2009. Based in part on these findings, the superior court ultimately (1) granted summary judgment to HSBC Bank, and (2) entered a judgment and decree of foreclosure.

The Bahneans appeal.

                                    ANALYSIS

In their briefing, the parties dispute whether the applicable statute of limitations is RCW 62A.3-118(a), regarding negotiable instruments, or RCW 4.16.040, which governs

written contracts regarding land. We need not resolve this dispute. Regardless of which statute applies, the limitations period is six years. Our inquiry, therefore, looks to when the six-year period began to run. This is a matter governed by the terms of the Note, not statute.

Different types of promissory notes carry different rights of enforcement, which can alter the commencement date of the statute of limitations period. One type of promissory note is a demand note. As the name indicates, a demand note is due on demand. Once demand is made, the note holder is entitled to enforcement in full and a cause of action for nonpayment accrues. *See Nilson v. Castle Rock Sch. Dist.*, 88 Wn. App. 627, 630, 945 P.2d 765 (1997).

An installment note is different. A borrower with an installment note is protected from having to make payment in full on demand. Instead, the borrower need only make payments in increments according to the schedule set by the note. When a borrower fails to make an installment payment on a loan, the only right of action that accrues immediately is to demand payment of the delinquent installment, not the note as a whole. As a consequence, a new statute of limitations "runs against each installment from the time it becomes due." *Herzog v. Herzog*, 23 Wn.2d 382, 387-88, 161 P.2d 142 (1945).

An acceleration clause can convert an installment note into a demand note. When a loan is accelerated, the borrower no longer has the protection of making payments only in installments. Instead, the entire amount of the loan becomes due on demand by the note holder.

While an acceleration clause can convert a loan from an installment note to a demand note, this is not something that happens automatically upon nonpayment of an installment. *A.A.C. Corp. v. Reed*, 73 Wn.2d 612, 615, 440 P.2d 465 (1968). Instead, whether and when conversion via acceleration occurs depends on the terms of the note. *See id.*; *Edmondson v. Bank of Am.*, 194 Wn. App. 920, 931-32, 378 P.3d 272 (2016). If a note holder opts not to exercise its rights to accelerate a note, the note does not convert from an installment note to a demand note. *Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, __ P.3d __, *review denied*, 192 Wn.2d 1008, 430 P.3d 244 (2018).

Because the Bahneans' Note had neither matured nor been accelerated, it remained an installment note and was subject to the rules relevant thereto. Thus, the superior court correctly held that because the Note had not yet matured and had never been accelerated, it remained due and owing and was, therefore, subject to enforcement. The only portions of the Note that HSBC Bank had lost the right to enforce were the outstanding installment payments that became due up to February 15, 2009.

No. 35423-7-III
*Bahnean v. HSBC Bank USA, N.A.*

ATTORNEY FEES

HSBC Bank requests an award of costs and attorney fees pursuant to RAP 14.2 (governing costs), RAP 18.1 (governing attorney fees and expenses), and RCW 4.84.330 (governing attorney fees in actions on contracts). Because the Deed of Trust and the Note provide for an award of attorney fees to the prevailing party who is required to litigate to enforce or interpret the provisions of the contract, we grant HSBC Bank's request for fees and costs as the prevailing party.

CONCLUSION

We affirm the orders and judgment of the superior court.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.                Fearing, J.

7